IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

TERRE HAUTE DIVISION

DENNIS DINWIDDIE,
      Petitioner,

-vs-

JEFFREY E. KRUEGER, Warden,
      Respondent.

No. 2:18-cv-0149 JMS-MJD

FILED
MAR 26 2018
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

SCANNED

## PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

COMES NOW petitioner, Dennis Dinwiddie, pursuant to 28 U.S.C. §2241 who pray that this court issue a writ of habeas corpus and order petitioner's forthwith and unconditional release therefrom any further unconstitutional restraint of his liberty and states as follows:

### I.

### JURISDICTION

1. Pursuant to 28 U.S.C. § § 2241 (a), and (c)(3) the relevant portions hold: "(a) Writs of habeas corpus may be granted by the...district courts...within their respective jurisdictions ...(c)The writ of habeas corpus shall not extend to a prisoner unless-(3) He is in custody in violation of the Constitution or laws or treaties of the United States." Id. (2016 Ed.).

Therefore, this court has jurisdiction to entertain the foregoing petition.

## II.

## C U S T O D Y

2. Petitioner, Dennis Dinwiddie, is in unconstitutional restraint of his liberty pursuant to the Judgmeent and Commitment signed by the Honorable Catherine D. Perry, United States Judge, May 6, 2009, in United States v. Dennie Dinwiddie, USDC-E.D. Mo. No. 1:06-CR-00134-CDP-DDN, imposing <u>inter alia</u> consecutive life terms.

## III.

## STATEMENT OF THE CASE

3. On March 20, 2007, a superseding indictment handed down charged petitioner, as well as co-conspirators Messrs. Michael Meador, Lawan S. James and Raul Cruz as follows: Count I, conspiracy to distribute and possess with intent to distribute in excess of 50 kilograms of marijuana, 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(C) and 846; Count II [Applying to petitioner and Messrs. James and Meador] Interstate Travel or Transportation In Aid of Racketeering Enterprise, 18 U.S.C. § 1952 (a)(2), punishable under 18 U.S.C. § 1952 (a)(3)(B); Count III [Applying to petitioner] Possession of a Firearm In Furtherance Of A Drug Trafficking Crime Resulting In Murder, 18 U.S.C. § 924 (c)(1)(A), and punishable under 18 U.S.C. § 924 (j)(1)-(2); Count IV [Applying to petitioner] Felon In Possession of a Firearm, 18 U.S.C. § 922 (g)(1), punishable pursuant to the Armed Career Criminal Act provisions of 18 U.S.C. § 924 (e)(1); and Count V [Applying to Lawan S. James] Felon In Possession of a Firearm, 18 U.S.C. § 922 (g)(1).

4. A jury trial commenced February 9, 2009. On February 12, 2005, the jury found petitioner of all counts therein which he was charged.

5. On May 6, 2009, petitioner appeared before the Honorable Catherine D. Perry, United States District Judge, whom imposed the following sentences: As to count I, 360 months, Concurrent life terms as to counts II and IV, and a consecutive life term as to count III. A timely notice of appeal was submitted.

6. On August 25, 2010, therein a published opinion, the United States Court of Appeals for the Eighth Circuit in United States v. Dennis Dinwiddie, 618 F.3d 821 (8th Cir. 2010), affirmed the judgments of the District Court. A timely submitted petition for writ of certiorari to the United States Supreme Court was submitted, and denied without comment on February 28, 2011, in Dinwiddie v. United States, 562 U.S. 1263 (2011).

7. A petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255 was filed with the District Court in Dinwiddie v. United States, USDC-E.D. Mo. No. 1:12-CV-0033-CDP, after an evidentiary hearing was convened, the petition was denied on September 23, 2014, a Certificate of Appealability did not issue, a subsequently submitted Certificate of Appealability application was submitted to the United States Court of Appeals for the Eighth Circuit and likewise denied.

8. Petitioner was represented both at trial and on direct appeal by Mr. Micael J. Gorla, Esquire, and Ms. Jennifer Herdon, of St. Louis, and Florissant, Missouri, respectively.

IV.

## STATEMENT OF THE RELEVANT FACTS

9. Petitioner's Post-Conviction Counsel Procedurally Defaulted His Substantive Issue Of Petitioner's Right To Due Process Was Violated When He Was Convicted Pursuant To Erroneous Jury Instructions Given As To His Possession Of A Firearm During A Drug Trafficking Crime Resulting In Murder; and

10. The Erroneous Jury Instructions As Given As To Petitioner's 18 U.S.C. § 924 (c)(1) Violation Denied Due Process And Had A Substantial And Injurious Effect Or Influence In Determining The Jury's Verdict; and

11. The Supreme Court's Issuance Of New Substantive Rules In Johnson v. United States, 135 S.Ct. 2551 (2015) and Welch v. United States, 136 S.Ct. 1257 (2016) And the Seventh Circuit's Holdings In United States v. Vivas-Ceja, 808 F.3d 719 (7th Cir. 2015), All Invalidate Petitioner's Convictions And Sentences In Counts II, III And IV Of The Superseding Indictment; and

12. Petitioner Contends The New Substantive Rule Announced By The Supreme Court in Martinez v. Ryan, 566 U.S. 1 (2012), As It Relates To Issue I, infra, as well as Johnson v. United States, 135 S.Ct. 2551 (2015) and Welch v. United States, 136 S.Ct. 1257 (2016), As They Relate To Issue III, infra, are Retroactively Applicable To Cases On Collateral Review And May Be Adjudicated On Their Merits Under Habeas Corpus 28 U.S.C. § 2241 As They Meet 28 U.S.C. § 2255 (e)'s Savings Clause Provisions In Accordance With In re Davenport, 147 F.3d 605 (7th Cir. 1998); and

13. The Issues Presented Herein Infra Require The Court To Convene An Evidentiary Hearing On Their Merits.

V.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.

PETITIONER'S POST-CONVICTION COUNSEL PROCEDURALLY DEFAULTED HIS SUBSTANTIVE ISSUE OF PETITIONER'S RIGHT TO DUE PROCESS WAS VIOLATED WHEN HE WAS CONVICTED PURSUANT TO ERRONEOUS JURY INSTRUCTIONS AS TO HIS USE OF A FIREARM DURING A DRUG TRAFFICKING CRIME RESULTING IN MURDER.

A. Summary Of The Relevant Facts:

Petitioner therein the adjudication of his Petition To Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 was represented by Mr. Jeffrey Brandt, Esquire, of the firm Robison & Brandt, of Covington, Kentucky.

Counsel raised the sole issue of petitioner's trial counsel provided ineffective assistance when he failed to advise petitioner of his right to testify in his own defense during his trial. Because development of the record was required, an evidentiary hearing was convened, the court credited petitioner's trial counsel's version of the events surrounding the purported waiver, and denied the petition.

Petitioner's trial counsel testified that while he had in fact advised petitioner of his right to testify in his own behalf, that he and petitioner had decided agaist doing so. As duly noted herein issue II, infra, of which those arguments and authorities are incorporated by reference as if rewritten herein. Petitioner's Post-Conviction Counsel provided ineffective assistance when he failed to raise this substantive issue therein his § 2255 petition as it related to petitioner's 18 U.S.C. § 924 (c)(1)(A) charge

therein Count III of the superseding indictment-that the offense resulted in murder.

B. Petitioner's Post-Conviction Counsel Provided Ineffective Assistance When He Failed To Present The Meritorious Erroneous Jury Instruction Issue Therein The § 2255 Petition:

A convicted federal defendant's exclusive forum in which to raise issues of ineffective assistance of counsel is under the aegis of a Petition To Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Massaro v. United States, 538 U.S. 500, 505 (2003).

Although petitioner's post-conviction raised an ineffective assistance of trial counsel issue solely as to his counsel not advising him of his right to testify during his trial. This was incomplete as petitioner had a viable claim of ineffective trial counsel failing to object to the erroneous jury instruction given as to petitioner's § 924 (c)(1)(A) and related § 924 (j) offenses as found therein count III of the superseding indictment.

Generally, post-conviction claims that were procedurally defaulted were deemed waived, at the time petitioner's conviction became final. Coleman v. Thompson, 501 U.S. 722, 752-753 (1991). However, this changed as Coleman was modified in 2012 by the new substantive rule announced by the Court in Martinez v. Ryan, 566 U.S. 1 (2012).

As explained therein issue IV, infra, the new substantive rule announced in Martinez, falls squarely within the ambit of the Teague [v. Lane, 489 U.S. 288, 301, 310-314 (1989)] exception to non-retroactivity to new rules having retroactive application to convictions already final.

The new substantive rule announced in <u>Martinez</u> now holds that where ineffective assistance of trial counsel claims are limited to collateral review, a petitioner may establish "cause" for his procedural default where he (1) will not be subject to a "procedural default" that will not serve as a bar to collateral review where; (2) his "initial-review collateral proceeding" where petitioner had "no counsel or counsel in that proceeding was ineffective." <u>Id</u>. 566 U.S. at 17.

The <u>Martinez</u> Court recognized that an "initial-review collateral proceeding" for a prisoner to raise a claim of ineffective assistance at trial, the collateral forum in many ways is the equivalent to a prisoner's direct appeal as to the ineffective assistance claim. <u>Id</u>. 566 U.S. at 11.

Under § 2255's nomenclature, claims of ineffective assistance of cousnel are presented in that fourm nearly exclusively in the first instance, as it is necessary to develop the record, wherein the District Court usually is required to take testimony, make factual determinations and examine counsel's reasonable assistance he is presumed to have rendered at trial and petitioner's actual prejudice. <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668, 698 (1984). <u>See Also</u> <u>Massaro</u>, 538 U.S. at 505-507.

Because ineffective assistance claims are limited to § 2255 proceedings. Incorporating Section II, infra by reference as if rewritten herein, petitioner's trial counsel's failure to object to the jury instructions as given as to petitioner's 924 (c)(1)

-7-

offenses charged therein count III of the superseding indictment.

Post-Conviction counsel's omission of this issue therein his § 2255 Petition as duly presented therein Section II, infra of this memorandum, as the "underlying claim...is a substantive one, which is to say that...the claim has some merit." Id. 566 U.S. at 9.

Therefore, the ineffective assistance of petitioner's post-conviction counsel is a claim that should be adjudicated on its merits. 1/.

---

1/. Moreover, under the Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984), analysis petitioner's post-conviction counsel's performance was deficient and fell below an objective standard of reasonableness, and there is a reasonable probability that exists had counsel raised the issue presented therein Section II, infra of this memorandum the outcome of the § 2255 proceedings would have been different.

-8-

II.

**THE ERRONEOUS JURY INSTRUCTIONS GIVEN AS TO PETITIONER'S 18 U.S.C. § 924 (c) AND (j) OFFENSES DENIED PETITIONER RIGHT TO DUE PROCESS AND HAD SUBSTANTIAL AND INJURIOUS EFFECT OR INFLUENCE IN DETERMINING THE JURY'S VERDICT.**

A. Summary Of The Relevant Facts:

Per Exhibit No. 1, attached herewith. Jury Instruction No. 24, as it relates to Count III of the Superseding Indictment which charged petitioner with: Possession of a Firearm In Furtherance Of A Drug Trafficking Crime Resulting In Murder, in violation of 18 U.S.C. §§ 924 (c)(1)(A) and (j), were deficient and alleviated the Government's burden of proof that the purported murder was in fact in relation to a drug trafficking crime as given.

Petitioner's counsel, as required by **Fed. R. Crim. P. 30**, failed to object to the erroneous instruction. On its face the relevant portion of the instruction reads: "[A]ny person who,... in furtherance of any...crime of violence for which the person may be prosecuted in a court of the United States,...possesses a firearm, shall...<u>Id</u>. Exhibit No.1.

The instruction as given did not require te jury to find, beyond a reasonable doubt, that petitioner committed the murder at issue therein furtherance of a drug trafficking crime, as so charged therein Count III of the indictment under 18 U.S.C. §§ 924 (c)(1)(A) and (j).

-9-

B. The Erroneous Jury Instructions Had A Substantial Injurious Effect Or Influence In Determining The Jury's Verdict:

Under the system of American Jurisprudence, the jury is instructed by the Court, as they relate to the allegations brought by the Government therein its indictment, in this case Count III of the superseding indictment wherein the Government alleged that the homocide at issue, occurred therein furtherance of a drug trafficking crime, and "required the jury to find all the elements of the charged offense beyond a reasonable doubt." Musacchio v. United States, 136 S.Ct. 709, 716 (2016).

Because petitioner's counsel did not object to the instruction as given pursuant to Fed. R. Crim. P. 30, the erroneous instruction is subject to review under the plain error standard of review as provided therein Fed. R. Crim. P. 52 (b). Johnson v. United States, 520 U.S. 461, 465-466 (1997).

The charges made therein Count III, that the murder at issue was committed in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924 (c)(1)(A) and (j), the commensurate jury instruction to satisfy the Fifth Amendment's Due Process Clause required the Government to prove beyond a reasonable doubt each and every element of the crime therein which petitioner is charged therewith. In re Winship, 397 U.S. 358, 364 (1970).

Here, the omission from the jury instructions a wholly different theory of liability therein which the murder was to have been committed, pursuant to a "crime of violence" as stated in Instruction No. 24, which would leave the jury to believe the fact a homocide occurred satisfies the "crime of violence" for a finding of guilt under §§ 924 (c)(1)(A) and (j) as opposed to having been

in furtherance of a drug trafficking crime as stated therein Count III of the superseding indictment. This omission is substantial requiring reversal of petitioner's convictions. <u>United States</u> v. <u>Gaudin</u>, 515 U.S. 506, 522-523 (1995).

The Court's omission to jury essential elements of materiality deprived petitioner os hight to be found guilty of each and every element of the crime charged. <u>United States</u> v. <u>Gaudin</u>, <u>Supra Id</u>. By asserting that the jury merely may find petitioner guilty upon a finding a "crime of violence" had been committed curtailed the fact-finders freedom to assess independently whether the homocide was in fact, in furtherance of a drug trafficking crime, or some other reason(s) wherein the Court would lack subject matter jursidiction to have prosecuted. This erroneous instruction also relieved the Government of its burden of proof. <u>United States</u> v. <u>O'Brien</u>, 130 S.Ct. 2169, 2174 (2010).

Jurors are presumed to have followed the instructions as they given to them. <u>Richardson</u> v. <u>Marsh</u>, 481 U.S. 200, 206 (1987). See Also <u>Francis</u> v. <u>Franklin</u>, 471 U.S. 307, 325, n. 9 (1985).

Even evaluating this particular jury instruction in the context of the entire charge, the omission was prejudicial. <u>Bryan</u> v. <u>United States</u>, 524 U.S. 184, 199 (1998). The erroneous instructions as given here, had a substantial injurious effect or influence in determining the jury's verdict. <u>Brecht</u> v. <u>Abrahamson</u>, 507 U.S. 619, 623, 637 (1993).

Thus, petitioner's convictions under both 18 U.S.C. §§ 924 (c)(1)(A) and (j) as charged therein count III of the superseding indictment must be vacated.

III.

THE SUPREME COURT'S ISSUANCE OF THE NEW SUBSTANTIVE RULES IN JOHNSON V. UNITED STATES, 135 S.Ct. 2551 (2015) AND WELCH V. UNITED STATES, 136 S.Ct. 1257 (2016) AND THE SEVENTH CIRCUIT'S HOLDING IN UNITED STATES V. VIVA-CEJA, 808 F.3d 719 (7th Cir. 2015) INVALIDATE PETITIONER'S CONVICTIONS AS TO COUNTS II, III AND IV OF THE SUPERSEDING INDICTMENT.

Count II, of the superseding indictment charged petitioner traveled in interstate commerce from Clarksville, Tennessee to the Counties of New Madrid and Mississippi, in the State of Missouri, to further unlawful activity in violation of the laws of the United States; to wit: conspiracy to distribute and possess with intent to distribute marijuana, and thereafter did perform the aforesaid murder of Sergio Burgos Gonzales, resulting in his death, in violation of 18 U.S.C. §§ 1952 (a)(2) and 2.

The language used therein count II, charging § 1952 (a)(2) a Travel Act violation, did in fact incorporate the language and unlawful acts and objectives charged therein Count III, in violation of 18 U.S.C. §§ 924 (c)(1)(A) and (j), as well as petitioner's status of being a felon in possession of a firearm, as well as his being subject to enhanced penalties for that violation under the Armed Career Criminal Act (ACCA) as charged therein count IV, 18 U.S.C. §§ 922 (g)(1) and 924 (e)(1) as respectfully aforementioned. See Exhibit No. 2.

Succinctly summarized, Count II charged petitioner under the Travel Act having traveled in interstate commerce to kill Sergio Bugos Gonzales therein furtherance of his marijuana conspiracy [charged therein count I of the superseding indictment], thereby

save for having traveled in interstate commerce as charged therein Count II, incorporates the same objectives set forth therein Count III, of the superseding indictment, that is having caused the murder of Sergio Bugos Gonzales in violation of 18 U.S.C. §§ 924 (c)(1)(A) and (j). The requisite possession of a firearm pursuant to the [convicted] felon status of petitioner, as charged therein Count IV, was likewise subject to an enhanced sentencing scheme pursuant to the ACCA, under 18 U.S.C. § 922 (g)(1) and 18 U.S.C. § 924 (e) respectively.

After petitioner's conviction became final, the Supreme Court issued its new substantive rule of statutory interpretation in Johnson v. United States, 135 S.Ct. 2551 (2015), whereby the Court invalidated as "unconstitutionally vague" the residual clause of § 924 (e)(2)(B)(ii). Id. 135 S.Ct. at 2257.

The Court's decision in Johnson was later determined to be retroactively applicable to cases on collateral review in Welch v. United States, 136 S.Ct. 1257 (2016). The "void for vagueness" doctrine requires that a penal statute define the criminal offense with sufficient definitenes that ordinary people can understand what conduct is prohibited.

It is a fundamental tenant of due process that "[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes." United States v. Batchelder, 442 U.S. 114, 123 (1976)(citation omitted). This principle applies to both vague criminal statutes and vague sentencing provisions. Id.

Petitioner's convictions under Count IV, felon in possession of a firearm resulted in a life sentence under the ACCA enhancement incorporated therein that count.

The erroneous jury instruction given as to count III, as duly noted therein Section II, of this memorandum supra, and is also incorporated by reference as if rewritten herein, as given they failed to define a "crime of violence" within the meaning of the ACCA sentencing enhancement charged therein count IV, as aforementioned, and therefore the ACCA's residual clause under § 924 (e)(2)(B)(ii) in accordance with Johnson, 135 S.Ct. at 2557 requires petitioner's enhanced ACCA sentence be ordered vacated.

Further the Court in Johnson held that the residual clause is "unconstitutionally vague" in all its applications. Id. 135 S.Ct. at 2561. Petitioner's convictions under Counts II and III, are "too wide-ranging" and "indeterminate." As a result, petitioner's convictions under these counts "both denies fair notice to defendants and invites arbitrary enforcement by judges." Id. 135 S.Ct. at 2557-2259.

Similarly, the Seventh Circuit's application of Johnson in determining that 18 U.S.C. § 16 (b)'s definition of a "crime of violence" to be "materially indistinguishable from the ACCA's residual clause." and "it too is unconstitutionally vague according to the reasons of Johnson." See United States v. Viva-Ceja, 808 F.3d 719, 720-723 (7th Cir. 2015).

Finally, See United States v. Lattanaphom, 159 F. Supp.3d 1157, 1162-1164 (E.D. Cal. 2016)(Applying Johnson in vacating inter alia defendants convictions under 18 U.S.C. § 1951 (a), 18 U.S.C. §§ 924 (c)(1)(A) and (j) (1)-(2)).

Here, petitioner's convictions as to counts II, III and IV in light of Johnson must be ordered vacated.

IV.

### THE SUPREME COURT'S ISSUANCE OF ITS DECISIONS IN MARTINEZ V. RYAN, 566 U.S. 1 (2012) AS IT RELATES TO ISSUE I, SUPRA AND JOHNSON V. UNITED STATES, 135 S.Ct. 2551 (2015) AS IT RELATES TO ISSUE II, SUPRA APPLY RETROACTIVELY TO THESE ISSUES AS PRESENTED.

As to petitioner's arguments therein Section I, supra, wherein petitioner relies upon the new substantive rule announced in Martinez v. Ryan, 566 U.S. 1 (2012), which modified the Court's prior holdings in Coleman v. Thompson, 501 U.S. 722 (1991), falls squarely within the panoply of the Teague v. Lane, 489 U.S. 288, 301, 311-314 (1989), exception to non-retroactivity.

The Court's decision in Martinez is a new substantive rule which applies to cases on collateral review. Schriro v. Summerlin, 542 U.S. 348, 351-353 (2004). Thus, Martinez as cited therein Section I of this memorandum is retroactively applicable and is properly before the court for its consideration.

The holdings in Johnson v. United States, 135 S.Ct. 2551 (2015), has been further found by the Supreme Court in Welch v. United States, 136 S.Ct. 1257, 1263-1268 (2016) to be retroactively applicable to cases on collateral review. Thus, Johnson applies to Section II, supra of this memorandum.

The holdings in both Johnson and Martinez meet the criteria of Section 2255 (e)'s "Savings Clause" which gives petitioner "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his convictions and sentences." In re Davenport, 147 F.3d 605, 608-611 (7th Cir. 1998).

As to each of the issues presented therein Sections I, II, III and IV, supra of this memorandum petitioner "had no reasonable

opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed [as to the Johnson and Martinez issues presented herein] after his first § 2255 motion," the Savings Clause of Section 2255(e) is triggered and application of Section 2241 is available." Id. 147 F.3d at 611.

Therefore, these issues are properly before the Court and may be adjudicated on their merits.

V.

PETITIONER, HAVING PRESENTED A PRIMA
FACIE CASE FOR HABEAS CORPUS RELIEF
SHOULD BE GRANTED AN EVIDENTIARY
HEARING AT THIS TIME.

Petitioner incorporates Sections I, II, III, and IV, Supra of this memorandum by reference as if rewritten herein.

Traditionally, claims of ineffective assistance of counsel present mixed questions of law and facts that require judicial inquiry and determinations as to counsel's deficient performance and petitioner's prejudice. Strickland v. Washington, 466 U.S. 668, 698 (1984).

Moreover, the facts presented herein supra, as to each of these issues are the sort that require inquiry of facts, also determinations as to applicable law relevant to the court's factual findings and the taking of testimony being necessary an evidentiary hearing is appropriate. Webster v. Daniels, 784 F.3d 1123, 1142, n.10 (7th Cir. 2015).

Therefore, an evidentiary hearing should be convened at the Court's earliest convenience on the merits of these issues as presented herein.

WHEREFORE, Petitioner pray that this court:

(i) issue a writ of habeas corpus directing that respondent forthwith and immediatly and unconditionally release petitioner therefrom any further unconstitutional restraint of liberty; or

(ii) that Respondent be required to produce petitioner forthwith, and be then and there required to show cause as to why the relief requested by petitioner should not be granted; and

(iii) appoint counsel to represent petitioner henceforth throughout these proceedings.

DATED: This 18th day of MARCH, 2018.

By _____
Dennis Dinwiddie
Fed. Reg. No. 07504-033
United States Penitentiary
Terre Haute
P.O. Box 33
Terre Haute, Indiana 47808

## VI.

### DECLARATION

I, Dennis Dinwiddie, on this 18th day of MARCH, 2018, in accordance with the provisions of 28 U.S.C. § 1746 hereby declare and affirm under penalty of perjury that the statements and representations made herein are true and correct to the best of my knowledge and belief.

By _____
Dennis Dinwiddie
Fed. Reg. No. 07504-033
United States Penitentiary
Terre Haute
P.O. Box 33
Terre Haute, Indiana 47808

## CERTIFICATE OF SERVICE

I, Dennis Dinwiddie, on this 18th day of MARCH, 2018, hereby certify that a copy of the foregoing pleading, attached Exhibits and accompanying Habeas Corpus Form were all sent by first class mail postage prepaid to: Office of the United States Attorney for the Southern District of Indiana, at: 10 West Market Street, Suite 2100, Indianapolis, Indiana 46204.

By _____
Dennis Dinwiddie
Fed. Reg. No. 07504-033
United States Penitentiary
Terre Haute
P.O. Box 33
Terre Haute, Indiana 47808