IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

TERRE HAUTE DIVISION

DENNIS DINWIDDIE,

    Petitioner,

No. 2:18-CV-00149-JMS-MJD

-vs-

JEFFREY E. KRUEGER, Warden,

    Respondent.
_____/

## PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

COMES NOW petitioner, Dennis Dinwiddie, pursuant to 28 U.S.C. §§ 2241, 2242 and Fed. R. Civ. P. 15 (a), and hereby submits the foregoing Amended Petition for Writ of Habeas Corpus and pray this Court issue an order directing Respondent to forthwith and further unconditionally release petitioner therefrom any further unconstitutional restraint of his liberty and states as follows:

I.

### JURISDICTION

1. Pursuant to 28 U.S.C. §§ 2241 (a), (c) (3) and 2242 wherein the relevant portions hold: "(a) Writs of habeas-corpus may be granted by the ... district courts... within their respective jurisdictions...(c) The writ of habeas corpus shall not extend to a prisoner unless- (3) He is in custody in violation of the Constitution or laws or treaties of the United States"...And an Application for writ of habeas corpus shall be in writing signed and verified by the person for whom relief it is intended...It may be amended or supplemented as provided in the rules of procedure

applicable in civil actions." Id. (2016 Ed.).

Therefore, this court may entertain the foregoing Amended Petition for Writ of Habeas Corpus on its merits.

## II.

## C U S T O D Y

2. Petitioner, Dennis Dinwiddie, is in unconstitutional restraint of his liberty pursuant to the Judgment and Commitment signed by the Honorable Catherine D. Perry, United States District Judge, May 6, 2009, in United States v. Dennis Dinwiddie, USDC-E.D. Mo. No. 1:06-CR-00134-CDP-DDN whom inter alia imposed consecutive life terms of imprisonment.

## III.

## STATEMENT OF THE RELEVANT FACTS

3. Ancillary to the issue listed and number II [pp. 9-11] of petitioner's pending Petition for Writ of Habeas Corpus entitled: The Erroneous Jury Instructions Given As To Petitioner's 18 U.S.C. 924 (c) And (j) Offenses Denied Petitioner Right To Due Process And Had Substantial And Injurious Effect Or Influence In Determining The Jury's Verdict-herein infra, petitioner amends and supplements the issue as duly set forth in the attached memorandum of points and authorities; and

4. The foregoing amendment should be considered therewith the listed issue "II" therein petitioner's pending Petition For Writ Of Habeas Corpus on its merits.

IV.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.

### THE JURY INSTRUCTION AS GIVEN AS TO PETITIONER'S 18 U.S.C. §§ 924 (c) AND (j) OFFENSES ARE NOT COMMENSURATE WITH THE CONDUCT CHARGED THEREIN COUNT III OF THE INDICTMENT WHICH ALLEVIATED THE GOVERNMENT'S BURDEN OF PROOF OF EACH AND EVERY ELEMENT OF THE OFFENSES CHARGED BEYOND A REASONABLE DOUBT IN VIOLATION OF THE FIFTH AMENDMENT.

Petitioner, incorporates Exhibit No.'s 1 and 2, which are both attached thereto petitioner's pending Petition for Writ of Habeas Corpus both by reference as if re-presented herein.

Instruction No. 24 [Exhibit No. 1] is both a presumptive and mandatory instruction which directed the jurors that: "Count three of the indictment is based upon a statute which is federal law. That statute, Title 18, United States Code, Section 924, provides in part as follows:

(c)(1)(A) [A]any person who...in furtherance of any... crime of violence for which the person may be prosecuted in a court of the United States,...possesses a firearm, shall [be punished by law]....

(j) A person who, in furtherance of a violation of subsection (c), causes the death of a person through use of a firearm, shall-

(1) if the killing is a murder...be punished [by law]." Id. (Instr. No. 24).

-3-

As a given, this was a mandatory presumption, as it is an irrebuttable directive by the Court to find the element which the jury was not free to reject, nor could petitioner argue against it. Sandstrom v. Montana, 442 U.S. 510, 517 (1979), overruled on other grounds in part by Boyde v. California, 494 U.S. 370 (1990).

Taking judicial notice pursuant to Fed. R. Evid. 201 (b)(2) of the content of petitioner's indictment [Exhibit No. 2] Count III, as to the §§ 924 (c) and (j) allegations charged petitioner, "did knowingly possess a firearm in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States; to wit: conspiracy to distribute and possess with intent to distribute marijuana..." Id.

The marijuana conspiracy offense is set forth therein Count I of the indictment [Exhibit No. 2] is the referenced marijuana therein count III, which is not a "crime of violence" mentioned as duly noted in Instruction No. 24. This directs a verdict of guilt as to the murder of Sergio Burgos Gonzalez, which alleviate the Government of its burden of proof in violation of the Fifth Amendment right to be convicted upon proof of each and every element of the offense charged beyond a reasonable doubt. United States v. O'Brien, 130 S.Ct. 2169, 2174 (2010)(Distinguishing between "[e]lements of a crime [that] must be charged in an indictment and proved to a jury beyond a reasonable doubt" and "[s]entencing factors [that] can be proved by a judge at sentencing by a preponderance of the evidence").

Because the Government had, as this court again taking judicial notice pursuant to Fed. R. Evid. 201 (b)(2), in fact sought the death penalty against petitioner under the aegis of § 924 (j). While 18 U.S.C. § 924 (c)(1)(A) has provisions to increase beyond the statutory five years for "crimes of violence" or "drug trafficking crime" where a defendant brandishes or discharges the firearm from seven to ten years respectively under 18 U.S.C. §§ 924 (c)(1)(A)(ii) and (iii). Nonetheless, § 924 (j) is comprised of elements, and is not a mere sentencing factor.

As aforementioned, Congress listed the elements of a <u>complete</u> crime under § 924 (c) and, after the word "shall" enumerated in the separate subsections the penalties applicable to those who brandish or discharge firearms as duly noted hereinabove. <u>Harris v. United States</u>, 536 U.S. 545, 552-553 (2002). Those subsections did "not repeat the elements from the principle paragraph." <u>Id</u>. 536 U.S. at 553.

Congress placed punishments for homocides that occur in violation of § 924 (c) in the wholly separate Section of 924 (j), a separate and distinct offense. Within the subtext of 924 (j), a jury has the option of determining whether the homocide at issue was a murder of the first or second degree in violation of 18 U.S.C. § 1111 or a Manslaughter in violation of 18 U.S.C. § 1112, where a defendant could conceivably present an affirmative defense to reduce the degree of murder, or otherwise reduce the charge of murder to manslaughter. <u>Patterson</u> v. <u>New York</u>, 432 U.S. 197, 206, 214-215 (1977). <u>See Also United States</u> v. <u>Orr</u>, 622 F.3d 864, 868 (7th Cir. 2010).

Count III of the indictment charged petitioner possessed a firearm in furtherance of a drug trafficking crime, not a "crime of violence" as stated in Instruction No. 24. Count III, charged possession of a firearm of which a firearm's "inert presence" in conjunction with petitioner's possession of the same is certainly distinguishable from its "active employment" and/or "us" wherein petitioner's "use" is given a brief reference in Instruction No. 24, and was not charged therein Count III of the indictment as conduct causing the death of the victim. Bailey v. United States, 516 U.S. 137, 143, 149 (1995).

Bailey's holding were determined to be new substantive rules of constitutional law retroactively applicable to cases on collateral review. Bousley v. United States, 523 U.S. 614, 620-621 (1998). Thus, petitioner's mere "possession of a firearm in furtherance of a drug trafficking crime" is not conduct commensurate with its "use" as so submitted in conjunction with a "crime of violence" therein the mandatory directives of Instruction No. 24, as given, alleviated the Government's burden of proving each and every element of the offense charged by having the jury considered uncharged conduct not referenced whatsoever therein Count III. United States v. Gaudin, 515 U.S. 506, 522-523 (1995).

Here, petitioner's convictions and sentences should be ordered vacated as the Government was alleviated of its obligation under the Fifth Amendment to prove each and every element of the offense charged.

WHEREFORE, Petitioner pray that this court:

(i) issue a writ of habeas corpus directing Respondent to forthwith and uncondittionally release petitioner therefrom any further unconstitutional restraint of his liberty; or

(ii) that Respondent be required to immediately and forthwith effect petitioner's appearance before the Court and Respondent be required then and there to show cause as to why the relief he seeks should not be granted; and

(iii) that petitioner be appointed counsel to represent him henceforth throughout these proceedings.

Dated: This 27th day of June 2018.

By _____
Dennis Dinwiddie
Fed. Reg. No. 07504-033
United States Penitentiary
Terre Haute
P.O. Box 33
Terre Haute, Indiana 47808

V.

DECLARATION

I, Dennis Dinwiddie, on this 27th day of June 2018, hereby declare and affirm under penalty of perjury in accordance with 28 U.S.C. S 1746 that the statements and representations made herein are true and correct to the best of my knowledge and belief.

By _____
Dennis Dinwiddie
Fed. Reg. No. 07504-033
United States Penitentiary
Terre Haute
P.O. Box 33
Terre Haute, Indiana 47808

## CERTIFICATE OF SERVICE

I, Dennis Dinwiddie, on this ___ day of June 2018, hereby certify that a copy of the foregoing pleading was sent by first class mail postage prepaid to: Office of the United States Attorney for the Southern District of Indiana, at: 10 West Market Street, Suite 2100, Indianapolis, Indiana 46204.

By _____
Dennis Dinwiddie
Fed. Reg. No. 07504-033
United States Penitentiary
Terre Haute
P.O. Box 33
Terre Haute, Indiana 47808