UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DENNIS DINWIDDIE,                )
                                 )
                Petitioner,      )
                                 )
        v.                       )  Cause No.  2:18-cv-00149-JMS-MJD
                                 )
J. E. KRUEGER, Warden,           )
                                 )
                Respondent.      )

**RETURN TO ORDER TO SHOW CAUSE**

The Court should dismiss Dennis Dinwiddie's petition for a writ of
habeas corpus, filed pursuant to 28 U.S.C. § 2241.  Dinwiddie cannot fit his
claims into the "saving clause" of § 2241.   He had the opportunity to raise his
ineffective assistance of trial counsel claim on grounds of an allegedly
erroneous jury instruction in a 28 U.S.C. § 2255.   As to his *Johnson* claim, he
could have sought permission from the Eighth Circuit to file a second or
successive § 2255 motion.  Even so, his claims are without merit.  Therefore,
his petition under § 2241 should be dismissed.

# BACKGROUND[1]

On March 26, 2018, while housed at the Federal Correctional

Institution located in Terre Haute, Indiana, Dinwiddie filed a *pro se* petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Dkt. 1, 2.)  He filed a

supplement to the petition on July 2, 2018.  (Dkt. 9.)  Dinwiddie is serving a

life sentence imposed by the Eastern District of Missouri for, among other

things, participating in a drug trafficking conspiracy and killing one of his co-

conspirators who absconded with $10,000 that was intended to be used to

purchase marijuana.

## *Dinwiddie's Criminal Convictions*

On March 20, 2007, a federal grand jury in the Eastern District of

Missouri returned a superseding indictment against Dinwiddie and co-

conspirators Michael Meador, Lawan James, and Raul Cruz.  The

superseding indictment charged Dinwiddie with: conspiracy to distribute

marijuana in excess of 50 Kilograms, in violation of 18 US.C. §§ 841(a)(1) and

846 (Count One); a Travel Act violation resulting in death, in violation of 18

---

[1]Throughout this response the United States will make the following
references: Dkt. = the docket in this case; Crim. Dkt. = the docket in
Dinwiddie's criminal case in the Eastern District of Missouri, *United States v.
Dennis Dinwiddie*, No. 1:06-cr-00134-CDP (E.D. Mo. 2006); Civ. Dkt. = the
docket in Dinwiddie's post-conviction case in the Eastern District of Missouri
seeking relief under 28 U.S.D, § 2255, *Dinwiddie v. United States*, 1:12-cv-
00033-CDP.  Dinwiddie's presentence report is being filed contemporaneously
with this response and is submitted underseal as Exhibit A.

U.S.C.§§ 1952(a)(2) and 2 (Count Two); possession of a firearm in furtherance of a drug trafficking crime that resulted in murder, in violation of 18 U.S.C. § 924(c)(1)(Count Three); and, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Four).  (Crim. Dkt. 166.)

Following a four-day jury trial, Dinwiddie was convicted on all counts. He was sentenced to 360 months' imprisonment on Count One, life imprisonment on Counts Two and Four, to be served concurrently, and life imprisonment on Count Three, to be served consecutively to the other counts. (Crim. Dkt. 598.)  The sentencing court made clear that, "[e]ven had the Guidelines not recommended [a life sentence], I think it would have been the appropriate sentence."  (Civ. Dkt. 10, p. 2.)

Dinwiddie's convictions and sentences were affirmed on appeal.  *United States v. Dinwiddie*, 618 F.3d 821 (8th Cir. 2010).  The Eighth Circuit rejected Dinwiddie's argument, among others, that the evidence was insufficient to support his conviction on the Travel Act violation resulting in death, charged in Count Two of the superseding indictment.  *See id.* at 831-33.  In doing so, the court found:

> The evidence presented at trial, viewed in the light most favorable to the government, was sufficient to prove that Dinwiddie crossed state lines in furtherance of a single conspiracy to distribute marijuana with Meador. The totality of the circumstances suggests that Dinwiddie and Meador were engaged in a single conspiracy to distribute marijuana and that the killing of Burgos was in retaliation for actions within that same conspiracy.

3

*Id*. at 832.  Similarly, the Eighth Circuit variously referred to the "drug conspiracy involving Dinwiddie and Burgos, the evidence of which was overwhelming," the "overwhelming evidence at trial of the dispute between Burgos and Dinwiddie and that Burgos had dealt drugs with Dinwiddie and Meador," and the "overwhelming evidence of the conspiracy between Dinwiddie and Meador and the dispute with Burgos."  *Id*. at 831, 835, 836.

Dinwiddie pursued a writ of certiorari from the United States Supreme Court. The Supreme Court denied the writ on February 28, 2011.  *Dinwiddie v. United States*, 562 U.S. 1263 (2011).

### Dinwiddie's Post Conviction Pleadings

In February 2012, Dinwiddie, with the assistance of counsel, sought relief under 28 U.S.C. § 2255.  (Civ. Dkt. 1, 6, 7.)  He claimed that he was deprived of his right to testify at trial and that his trial attorneys were ineffective because they did not introduce evidence establishing Dinwiddie's innocence of the various crimes for which he was convicted.  (Civ. Dkt. 22, p. 1, 8-9.)

The district court denied the motion, finding that Dinwiddie was aware of his constitutional right to testify at trial, and that, "because the evidence against him is overwhelming and because the uncalled witnesses would have been subject to impeachment, Dinwiddie was not prejudiced by his counsel's other alleged failures."  (Civ. Dkt. 22, p. 1-2.)  The Eighth Circuit rejected

4

Dinwiddie's application for a certificate of appealability.  *Dinwiddie v. United States*, No. 14-3635 (8th Cir. 2014).

Then, in 2016, Dinwiddie sought permission from the Eighth Circuit to file a second or successive motion under §2255(h).  *Dinwiddie v. United States*, No. 16-2984 (8th Cir. 2016).  Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), he claimed that his prior convictions for facilitation to robbery first degree on two separate occasions and eight counts of facilitation to kidnaping are not violent felonies under the armed career criminal provisions, 18 U.S.C. § 924(e).[2]  *Dinwiddie v. United States*, No. 16-2984, Government's Opposition filed July 7, 2016.

The government opposed the application arguing that each of the prior offenses for which Dinwiddie was convicted "has as an element the use, attempted use, or threatened use of physical force against the person of another" and, therefore is a violent felony.  *Id.*  Because Dinwiddie was sentenced under the elements clause, not the residual clause found unconstitutional in *Johnson*, *Johnson* did not apply to Dinwiddie.  *Johnson* "does not call into question application of the [ACCA] to *** the remainder of the Act's definition of a violent felony," including a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i).  *Id.*  The

---

[2] *See also* Exhibit A, PSR, ¶¶ 60-63, 72-75.

government also argued that *Johnson* does not apply to the Sentencing Guidelines or § 924(e)(2)(B)(i).  *Id.*  Without discussion, the Eighth Circuit, in apparent agreement with the United States, denied Dinwiddie's application. *Dinwiddie v. United States*, No. 16-2984, Judgment issued February 14, 2017.

Now, Dinwiddie has filed a petition under § 2241.  He claims that a jury instruction given at his trial was erroneous and violates his due process rights under the Fifth Amendment.  (Dkt. 2, p. 4; Dkt. 9, p. 6.)  He concludes that the attorney that represented him in his § 2255 action was ineffective for not raising a claim that trial counsel was ineffective for not objecting to the allegedly erroneous instruction.  (Dkt. 2, p. 5-6.)  Dinwiddie attached to his petition two jury instructions—Instruction 7 and Instruction 24.  (Dkt. 2-1 and 2-2.)  Instruction 7 restated the Count Three charges described in the superseding indictment.  Instruction 24 provided, in pertinent part, the statutory language of § 924 (charged in Count Three).  He complains that Instruction 24 led the jury to believe that the murder of Burgos "satisfies  the 'crime of violence' for a finding of guilt under § 924(c)(1)(A) and (j) as opposed to having been in furtherance of a drug trafficking crime as stated [in] Count [Three] of the superseding indictment," (Dkt. 2, pp. 10-11), and that the instruction "alleviated the Government's burden of proving each and every element the offense charged by having the jury consider uncharged conduct

not referenced whatsoever in Count III," (Dkt. 9, p. 6.)  He concludes that his conviction on Count Three should be vacated.  (Dkt. 2, p. 11.)

Citing to *Johnson*, *Welch v. United States*, 136 S. Ct. 1257 (2016), and *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015), Dinwiddie also claims that the jury instructions failed to define "crime of violence" within the meaning of § 924(e) and therefore his convictions under Counts Two, Three, and Four should be vacated.  (Dkt. 2, p. 4, 14.)

He seeks an evidentiary hearing regarding the claims raised.  (Dkt. 2, p. 4.)

Dinwiddie cannot fit his claims into the "saving clause" of § 2241.  He could have raised his ineffective assistance of counsel claim in his initial § 2255 motion.  His failure to do so does not render the remedy under § 2255 inadequate or ineffective.  He also could have sought permission from the Eighth Circuit to file a second or successive § 2255 motion raising his current *Johnson* claim.  Because he cannot show that § 2255 is inadequate or ineffective to test the legality of his detention, this Court lacks jurisdiction to entertain Dinwiddie's § 2241 petition.  Even if this Court could consider Dinwiddie's claims, they are without merit.  The petition should be dismissed.

## ISSUE

Whether Dinwiddie's 28 U.S.C. § 2241 habeas corpus petition must be

dismissed pursuant to the "gatekeeping" provision of 28 U.S.C. § 2244(a) or whether, pursuant to the "saving clause" provision of 28 U.S.C. § 2255(e), this Court may consider the merits of Dinwiddie's challenge to his convictions.

## DISCUSSION

### I.   Dinwiddie's § 2241 Petition Must Be Dismissed Pursuant To The "Gatekeeping" Provision of 28 U.S.C. § 2244(A)

#### A. Framework for § 2241 Saving Clause

Dinwiddie brings this action pursuant to 28 U.S.C. § 2241.  In general, "§ 2255 is the exclusive means for a federal prisoner to attack his conviction [or sentence]." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (per curiam). However, in a "narrow class of cases," *id.*, a federal prisoner may seek traditional habeas corpus relief under § 2241 if § 2255's motion remedy "is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e).  Dinwiddie's claims do not fit within the saving clause.

The Seventh Circuit's decision in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), was the court's first, and still most comprehensive, discussion of the meaning of "inadequacy," as that term is used in § 2255(e).  *Davenport* said that "[a] procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a non-existent offense." *Id.* at 611 (emphasis in original).  Dinwiddie cannot meet the standard to proceed under

§ 2255(e)'s "saving clause."

The Seventh Circuit has stated that § 2255's motion remedy is inadequate or ineffective only when "a structural problem in § 2255 forecloses even one round of effective collateral review—and then only when . . . the claim being foreclosed is one of actual innocence," *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002), or, that the sentence is in excess of that permitted by law, *see, e.g., Brown v. Caraway*, 719 F.3d 583, 587-88 (7th Cir. 2013). Whether there is a structural problem, that is, whether § 2255 is "inadequate or ineffective to test the legality" of a prisoner's "detention," § 2255(e) "focus[es] on procedures rather than outcomes." *Taylor*, 314 F.3d at 835. In other words, "something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc).

Thus far, the Seventh Circuit has recognized a structural problem exists in two contexts. The first of those is commonly referred to as the *"Davenport"* exception to § 2255. The other context involves the discovery of new evidence that does not afford a basis to bring a second or successive motion under § 2255(h)(1). In *Webster*, the Seventh Circuit held that § 2255's motion remedy was inadequate or ineffective when, following the prisoner's first § 2255 motion, he discovered new evidence, that if accepted as true, revealed the Constitution categorically prohibited his sentence to death.

Webster could not bring that claim in a successive § 2255 motion because the new evidence bore only on the legality of his sentence, not his guilt or innocence of "the offense."  *See* 28 U.S.C. § 2255(h)(2) (court of appeals can grant permission to bring successive motion only if newly discovered evidence shows movant could not be found guilty of "the offense"); 784 F.3d at 1125, 1139-40.

The exceptions recognized in *Davenport* and *Webster* have three things in common.  First, after the defendant has exhausted his first § 2255 motion, there is an intervening event—a Supreme Court decision or the discovery of new evidence.  Second, the successive-motions rule of § 2255(h) prohibits the prisoner from bringing a successive motion under § 2255.  And, third, the prisoner claims there is a miscarriage of justice, that is, he is actually innocent or serving a sentence the law does not permit.

"The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy."  *Kimball v. Daniels*, 2016 WL 3386870, at * 1 (S.D. Ind. Jun. 20, 2016) (quoting *Smith v. Warden, FCC Coleman–Low*, 503 F. App'x 763, 765 (11th Cir. 2013)).  "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim."  *Id*.  "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a

decision on the merits." *Id.* (quoting *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000)).

### B. Dinwiddie's Ineffective Assistance of Counsel Claim Is Not Cognizable Under § 2241[3]

Dinwiddie claims that his trial counsel was ineffective because he did not object to Instruction 24 at trial, and that his § 2255 attorney was ineffective because he failed to challenge the effectiveness of trial counsel on this ground in his § 2255 motion. Dinwiddie contends that this Court may review his procedurally defaulted ineffective assistance of trial counsel claim under *Martinez v. Ryan*, 566 U.S. 1 (2012).

In *Martinez*, the Court held that ineffective assistance by a prisoner's state post conviction counsel may qualify as cause to overcome the procedural

---

[3] The "Court of Appeals for the Seventh Circuit has not decided 'which circuit's law applies to a 2241 petition brought in the district of the petitioner's incarceration but challenging the conviction or sentencing determination of another district court in another circuit.'" *Cano v. Warden USP-Terre Haute*, No. 2:17-cv-00441-JMS-MJD, 2018 WL 3389746, at * 3 (S.D. Ind. July 12, 2018), quoting *Roberts v. Watson*, No. 2 16-cv-541-bbc, 2017 WL 6375812, at * 2 (W.D. Wis. Dec. 12, 2017) and citing *Salazar v. Sherrod*, No. 09-cv-619-DRH-DGW, 2012 WL 3779075, at *4 (S.D. Ill. Aug. 31, 2012). However, district courts within the Seventh Circuit have concluded that they "should apply the law of the circuit of conviction in reviewing a sentence or conviction under section 2241, in part to avoid inconsistent results with motions under § 2255, which apply the law of the circuit where the petitioner was convicted." *Roberts*, 2017 WL 6375812, at * 2. In *Cano*, this Court concluded that it should "apply the law of the circuit of conviction" in reviewing a sentence or conviction under § 2241 and determining if the Petitioner's claim satisfy the *Davenport* test. *Cano*, 2018 WL 3389746, at * 3. Accordingly, where possible, the government provides Eighth Circuit law, Dinwiddie's circuit of conviction.

11

default of failing to present an ineffective assistance of trial counsel claim,
but only where "the State effectively requires a defendant to bring that claim
in state postconviction proceedings rather than on direct appeal." *Davila v.
Davis*, 137 S. Ct. 2058, 2062-63 (2017).  In *Trevino v. Thaler*, 569 U.S. 413
(2013), the Court extended its holding in *Martinez* to cases in which a state's
procedural framework, "by reason of its design and operation, makes it highly
unlikely in a typical case that a defendant will have a meaningful
opportunity to raise a claim of ineffective assistance of trial counsel on direct
appeal."  *Trevino*, 133 S. Ct. at 1921.

*Martinez* and its progeny "deal with state prisoners' ability to bring
ineffective assistance of counsel claims, despite being procedurally barred.
They do not address the ability of federal prisoners to use § 2241 to bring
ineffective assistance of counsel claims." *Jackman v. Shartle*, 535 F. App'x 87,
89 n.5 (3d Cir. 2013) (emphasis added); *Villareal v. Beasley*, No. 2:17-CV-
00118-KGB-JTR, 2017 WL 7053973, at * 3 (N.D. Ark. Aug. 31, 2017)
("Nothing in either *Martinez* or *Trevino* addresses whether the limited
exception created for procedurally defaulted ineffective assistance of trial
counsel claims was intended to allow federal prisoners to use § 2241 to bring
defaulted ineffective assistance claims related to their federal convictions.");
*see also Garcon v. Cruz*, No. 6:14–cv–72–RMG, 2014 WL 819467, at *5 (D.S.C.
Feb. 28, 2014) (citation omitted) (explaining that *Martinez* "is inapplicable to

federal convictions"), aff'd 581 F. App'x 193 (4th Cir. 2014).  "In short, *Martinez* or *Trevino* do not explicitly authorize a habeas petitioner, challenging a federal conviction, to rely on the "equitable grounds" recognized in those decisions either to excuse a procedurally defaulted ineffective assistance of trial counsel claim or to attempt to invoke § 2255's "savings clause" to assert a procedurally defaulted ineffective assistance claim." *Villareal v. Beasley*, 2017 WL 7053973, at * 4.

   While the Seventh Circuit in *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015), granted a § 2255 habeas petitioner relief under Rule 60(b) following its conclusion that the *Martinez/Trevino* exception is available to petitioners under both § 2255 and § 2254, the Eighth Circuit has reached the opposite conclusion.  In *United States v. Lee*, the Court rejected the habeas petitioner's Fed. R. Civ. P. 60(b) request to extend *Martinez* and *Trevino* to "federal review of claims not adequately raised in an initial § 2255 proceeding."  792 F.3d 1021 (8th Cir. 2015).[4]  Furthermore, *Ramirez* is distinguishable.  First, it arose in the context of a Rule 60(b) motion, not in the context of a § 2241 petition.  Second, in *Ramirez*, the circuit court found

---

[4] Thus, if Dinwiddie truly has a *Martinez* claim, unlike petitioners sentenced in the Seventh Circuit, he cannot rely on *Ramirez* and pursue the claim in a Rule 60(b) motion to reopen the § 2255.  *Hood v. United States*, 342 F.3d 861, 864 (8th Cir.  2003) ("The District Court, however, is bound, as are we, to apply the precedent of this Circuit.")

that counsel's abandonment deprived Ramirez of the ability to press his ineffective argument on appeal. The abandonment by counsel was extraordinary and justified re-opening his § 2255 proceeding. Such is not the case for Dinwiddie. His post-conviction attorney did not abandon him; instead, his attorney simply did not raise the additional ground of ineffective assistance Dinwiddie now wishes to raise.

Finally, as noted in *Villareal*, "[t]he Eighth Circuit has consistently held that the "savings clause" may not be invoked to raise an issue under § 2241 which could have been, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Villareal*, 2017 WL 7053973, at * 4. And "the fact that procedural barriers prevent a petitioner from pursuing § 2255 relief does not render that remedy "inadequate or ineffective" under § 2255(e). There simply is nothing in either *Martinez* or *Trevino* that alters this established jurisdictional principle." *Id*. at 4, n. 4 (citing cases holding that *Martinez/Trevino* does not entitle federal petitioners to the benefit of the savings clause). *Cf. Lombardo v. United States*, 860 F.3d 547, 555-61 (7th Cir. 2017) (declining to apply *Martinez* exception under which federal defendants could establish extraordinary circumstances warranting equitable tolling of untimely claims of ineffective assistance of trial counsel by showing they had no post conviction counsel or their counsel was ineffective, and that their underlying claim had some merit).

Dinwiddie challenged the effectiveness of his trial counsel in his § 2255. His failure to put forth grounds related to his allegedly erroneous jury instruction does not render the remedy under § 2255 inadequate or ineffective. *Id.* *See also Davenport*, 147 F.3d at 611 ("[a] procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense"); *Travis v. Quintana*, No. 5:15-209-DCR, 2015 WL 7454578 at * 2 (E.D. Ky. Nov. 23, 2015) ("This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief.") (unpublished). To hold otherwise would nullify the limitation period of § 2255(f)(3). In other words, to permit Dinwiddie's petition to proceed would be to hold that a prisoner can avoid § 2255's limitations period by resorting to § 2241, which has no limitations period. That cannot be correct.

### C.  Dinwiddie's *Johnson* Claim Is Not Cognizable Under § 2241

Dinwiddie also claims that his convictions under Counts Two, Three, and Four should be vacated because the jury instructions failed to define "crime of violence" within the meaning of § 924(e). (Dkt. 2, p. 4, 14.) He cites to *Johnson* as his reason for not raising the issue in his initial § 2255 motion.

And, while he applied to file a second or successive § 2255 motion raising a

*Johnson* claim alleging that his prior convictions are not violent felonies

under the armed career criminal provisions, 18 U.S.C. § 924(e), he offers no

explanation for why he has not sought permission to raise his current

*Johnson* claim in a second or successive § 2255 motion.  *Walker v. United*

*States*, No. 16-4284, 2018 WL 3965725, at * 1 (8th Cir. Aug. 20, 2018)

(recognizing that the appellate court granted the petitioner authorization for

a successive § 2255 motion based on *Johnson*).  As such, he fails to show that

§ 2255 is ineffective or inadequate to test the legality of his detention," 28

U.S.C. § 2255(e).

Accordingly, regardless of its merits (which the government maintains

are unavailing), Dinwiddie's petition cannot proceed.  It must be dismissed

for lack of jurisdiction.

## II.    Dinwiddie's Ineffective Assistance of Trial Counsel Claim Fails

In all events, Dinwiddie's ineffective assistance of counsel claim lacks

merit.  To establish ineffective assistance of counsel, a petitioner must show

(1) that his trial attorney's performance fell below an objective standard of

reasonableness, and (2) that he suffered prejudice as a result.  *Strickland v.*

*Washington*, 466 U.S. 668, 687-96 (1984).

Dinwiddie challenges Instruction 24 that provided:

INSTRUCTION NO. 24

Count Three of the indictment is based upon a statute which is federal law. That statute, Title 18, United States Code, Section 924, provides in part as follows:

(c)(1)(A) [A]ny person who, . . . in furtherance of any . . . crime of violence for which the person may be prosecuted in a court of the United States, . . . possesses a firearm, shall [be punished by law] . . .

(j) A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall –'

(1) if the killing is a murder . . . be punished [by law].

(Crim. Dkt. 542, p. 29.)

Count Three of the Indictment as provided in Instruction 7 stated:

<u>COUNT THREE</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 22, 2006, in the Counties of New Madrid and Mississippi, within the Eastern District of Missouri, and elsewhere,

DENNIS DINWIDDIE, a/k/a D,

the defendant herein, did knowingly possess a firearm in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States; to wit: conspiracy to distribute and possess with intent to distribute marijuana, and in the course of such violation caused the death of Sergio Burgos Gonzales through the use of a firearm. The killing of Sergio Burgos Gonzales with malice aforethought was a murder.

In violation of Title 18, United States Code, Sections 924(c)(1) and 924(j).

(Crim. Dkt. 542, p. 8.)

Recognizing that Instruction 24 states the possession of the firearm

was for a crime of violence and that the superseding indictment stated the

17

possession of the firearm was in furtherance of a drug trafficking crime,
Dinwiddie contends that the instruction led the jury to believe that the
murder of Burgos "satisfies the 'crime of violence' for a finding of guilt under
§§ 924(c)(1)(A) and (j) as opposed to having been in furtherance of a drug
trafficking crime as stated [in] Count [Three] of the superseding indictment."
(Dkt. 2, p. 10-11.)  He claims that his trial counsel was ineffective because he
did not object to Instruction 24 at trial, and that his § 2255 attorney was
ineffective because he failed to challenge the effectiveness of trial counsel on
this ground in his § 2255 motion.

However, based on the record, Dinwiddie cannot show he suffered
prejudice resulting from the failure to object to Instruction 24.  As recognized
by the Eighth Circuit in affirming his convictions,

> The evidence presented at trial, viewed in the light most favorable
> to the government, was sufficient to prove that Dinwiddie crossed
> state lines in furtherance of a single conspiracy to distribute
> marijuana with Meador. The totality of the circumstances suggests
> that Dinwiddie and Meador were engaged in a single conspiracy to
> distribute marijuana and that the killing of Burgos was in
> retaliation for actions within that same conspiracy.

*Dinwiddie*, 618 F.3d at 832.  The Eighth Circuit repeatedly recognized the
overwhelming evidence at trial establishing Dinwiddie's guilty on all charges.
*Id*. at 831, 835, 836.   Thus, any error in Instruction 24 was harmless.  *Rose v.
Clark*, 478 U.S. 570, 583 (1986) (entire record should be reviewed to
determine whether error in jury instruction was harmless); *United States v.*

18

*Hasting*, 461 U.S. 499, 509 n. 7 (1983) ("*Chapman* mandates consideration of the entire record prior to reversing a conviction for constitutional errors that may be harmless ..."); *Neder v. United States*, 527 U.S. 1, 4 (1999) (instruction that erroneously omits an element of the offense is subject to harmless error review).

This is especially true considering Instruction 25 that stated the elements of the offense of possessing a firearm in furtherance of a drug trafficking crime resulting in murder as charged in Count Three. That Instruction stated:

INSTRUCTION NO. 25

The crime of possessing a firearm in furtherance of a drug trafficking crime resulting in death, as charged in Count Three of the indictment, has four elements, which are:

*One*, the defendant committed the crime of conspiracy to distribute and possess with intent to distribute marijuana;

*Two*, the defendant knowingly possessed a firearm in furtherance of that drug trafficking crime;

*Three*, the defendant used the firearm to cause the death of Sergio Burgos Gonzales; and,

*Four*, the killing of Sergio Burgos Gonzales was a murder.

The term "furtherance" as used in the phrase "in furtherance of" should be given its plain meaning, that is, the act of furthering, advancing, or helping forward. The phrase "in furtherance of" is not a factual requirement that the firearm advance the crime, but rather a requirement that the defendant possess the firearm with the intent of advancing the crime. The statute under which Count Three is charged authorizes conviction where the defendant intended the

19

firearm to advance or further the crime, but it did not actually do so.

> If all these essential elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged in Count Three; otherwise you must find the defendant not guilty of this crime. Record your determination on the Verdict Form which will be submitted to you with these instructions.

(Crim. Dkt. 542, p. 30.)  The jury considered the elements of the Count Three offense and returned a verdict of guilty.

Considering the totality of the jury instructions and the overwhelming evidence that "Dinwiddie and Meador were engaged in a single conspiracy to distribute marijuana and that the killing of Burgos was in retaliation for actions within that same conspiracy," *Dinwiddie*, 618 F.3d at 832, any error in Instruction 24 was harmless.  *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (faulty jury instruction must be examined in context of the instructions as a whole and the trial record); *United States v. Ramos*, 187 F.3d 644, (8th Cir. 1999) (affirming denial of § 2255 motion because evidence presented at trial was sufficient to convict petitioner and thus petitioner could show no prejudice) (unpublished); *Williams v. United States*, 98 F.3d 1052, 1054 (8th Cir. 1996) (same).  *Cf. Seiler v. Thalacker*, 101 F.3d 536 (8th Cir. 1996) (action under 28 U.S.C. § 2254— even if petitioner's claims of instructional error rose to the level of constitutional violations, they cannot be the basis for habeas relief if they are harmless).

A change to Instruction 24 to reflect the firearm was possess in

20

furtherance of a drug trafficking crime would not have changed the outcome of Dinwiddie's trial.  Thus, he can show no prejudice resulting from the jury instruction and his ineffective assistance of counsel claim is without merit. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (no need to address counsel's behavior when movant cannot show prejudice).

## III.   Dinwiddie's *Johnson* Claim Fails

Citing *Johnson*, Dinwiddie also claims that his convictions under Counts Two, Three, and Four should be vacated because the jury instructions failed to define "crime of violence" within the meaning of § 924(e).  (Dkt. 2, p. 4, 14.)  However, *Johnson* addressed the definition of a crime of violence as set forth in § 924(e)(2)(B)(ii), not under § 924(e)(2)(B)(i) that applied to Dinwiddie.  And it did not address how the crime of murder is defined in jury instructions.  The jury was instructed that "[m]urder is the unlawful killing of a human being with malice aforethought" and that malice aforethought means "and intent, at the time of the killing, willfully to take the life of a human being . . . . Malice may be established by evidence of conduct . . . of such a nature that a jury is warranted in inferring that the defendant was aware of the serious risk of death or serious bodily injury."  (Crim. Dkt. 542, p. 31.)  Thus, murder is a crime of violence under § 924(e)(2)(B)(i) and Dinwiddie cannot show that the offenses at issue are not crimes of violence.

Furthermore, even if the failure to define "crime of violence" could be

21

deemed an error, it was undoubtedly harmless.  *United States v. Harris*, No. 15-cr-20089, 2016 WL 1745999, at * 5 (E.D. Mich. May 3, 2016) ("even if the failure to define "crime of violence" could be deemed an error, it was undoubtedly harmless" where defendant did not argue to the jury that the robbery did not amount to a crime of violence).  As previously stated, the evidence presented at trial was overwhelming and the jury instructions accurately provided the elements necessary for each offense. (Crim. Dkt. 542.) Dinwiddie fails to meet the requirements of *Davenport*.  He fails to show that he is actually innocent or serving a sentence the law does not permit.

*   *   *

In this case, there is no structural problem with § 2255 that prevented Dinwiddie from presenting his ineffective assistance of counsel claim in his initial § 2255 motion, or in a second or successive § 2255 motion.  Because Dinwiddie's § 2241 petition does not fall within the scope of the saving clause, this Court must dismiss the petition for lack of jurisdiction.  *Spencer v. United States*, No. 16-CV-182-DRH, 2016 WL 1086933, at *3 (S.D. Ill. Mar. 21, 2016); *Kramer*, 347 F.3d at 218 (affirming district court's dismissal of § 2241 petition where claims did not meet the standards of the saving clause).

Furthermore, considering the record, Dinwiddie cannot show that he is actually innocent of the offenses to which the jury found him guilty, or that he is being confined for acts deemed not to be criminal.

22

Although Dinwiddie requests a hearing, he fails to make the requisite threshold showing necessary to obtain a hearing in this circuit. *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (no evidentiary hearing warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). And not only do the files and records conclusively show that Dinwiddie is not entitled to relief, his legal claims are not the sort of factbound issue in need of an evidentiary hearing. *Id*. Allowing indiscriminate hearings in federal post conviction proceedings "would eliminate the chief virtues of the justice system– speed, economy, and finality." *Menzer v. United States*, 200 F.3d 1000, 1006 (7th Cir. 2000) (citation omitted).

## CONCLUSION

For the foregoing reasons, the Respondent respectfully urges the Court to dismiss Dinwiddie's petition for a writ of habeas corpus with prejudice.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   s/ Brian Reitz
_____
Brian Reitz
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on September 14, 2018, a copy of the foregoing was filed

electronically and that a copy was mailed the next day, by first class U.S.

Mail, postage prepaid and properly addressed to the following:

Dennis Dinwiddie
Reg. No. 07504-033
Terre Haute - USP
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

s/ Brian Reitz
Brian Reitz
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-6125
E-mail: Brian.Reitz@usdoj.gov