UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DENNIS DINWIDDIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 2:18-cv-00149-JMS-MJD |
| | ) | |
| J. E. KRUEGER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

\* \* \* \* \*

## PETITIONER'S REPLY TO GOVERNMENT'S RETURN TO ORDER TO SHOW CAUSE

Comes the Petitioner, Dennis Dinwiddie, by counsel, and for his Reply to the Government's Return to Order to Show Cause, states as follows:

### I.   PETITIONER'S USE OF 28 U.S.C. §2241 IS APPROPRIATE AND JUSTIFIED.

Nine circuit courts of appeals, including the Seventh Circuit, recognize the ability of persons in federal custody to invoke the savings clause in 28 U.S.C. §2255(e) to seek relief under § 2241 where an intervening and retroactively applicable Supreme Court statutory-interpretation decision renders the prisoner's continued custody illegal.  *In re Davenport*, 147 F.3d 605,611 (7th Cir. 1998); *see also United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999); *Triestman v. United States*, 124 F.3d 361, 363 (2d Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 248, 251

1

(3d Cir. 1997); *In re Jones*, 226 F.3d 328, 334 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893,904 (5th Cir. 2001); *Martin v. Perez*, 319 F.3d 799, 805 (6th Cir. 2003); *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011); *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002).

> A petitioner who seeks to invoke the Savings Clause of § 2255(e) to proceed under § 2241 must demonstrate: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion;" (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding; and (3) that the error is "grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent."

*Camacho v. English,* 872 F.3d 811 (7th Cir., 2017), *quoting Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012); *see also Davenport*, 147 F.3d at 610–12.

Federal courts for some time have allowed state prisoners to overcome procedural defaults of ineffectiveness of trial counsel claims if the prisoner can show that his post-conviction counsel was ineffective for failing to raise those claims in a prior collateral proceeding. *Martinez v. Ryan*, 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. ___, 133 S.Ct. 1911 (2013); *Brown v. Brown*, 847 F.3d 502, 509 (7th Cir. 2017) *but see Davila v. Davis*, 582 U.S. ___, 137 S.Ct. 2058 (2017) (refusing to extend *Martinez-Trevino* exception to defaulted claims regarding appellate counsel).

The *Martinez* Court declined to find that the right established, to excuse a

procedural default in order to challenge the effectiveness of postconviction counsel

on initial collateral review, is a constitutional right. Justice Kennedy posited it as an

> **equitable judgment**…that only where a prisoner is
> impeded or obstructed in complying with the State's
> established procedures will a federal habeas court excuse
> the prisoner from the usual sanction of default. *See, e.g.,*
> *Strickler v. Greene*, 527 U. S. 263, 289 (1999); *Reed,*
> *supra*, at 16. Allowing a federal habeas court to hear a
> claim of ineffective assistance of trial counsel when an
> attorney's errors (or the absence of an attorney) caused a
> procedural default in an initial-review collateral
> proceeding acknowledges, as an equitable matter, that the
> initial-review collateral proceeding, if undertaken without
> counsel or with ineffective counsel, may not have been
> sufficient to ensure that proper consideration was given to
> a substantial claim. From this it follows that, when a State
> requires a prisoner to raise an ineffective-assistance-of-
> trial-counsel claim in a collateral proceeding, a prisoner
> may establish cause for a default of an ineffective-
> assistance claim in two circumstances. The first is where
> the state courts did not appoint counsel in the initial-
> review collateral proceeding for a claim of ineffective
> assistance at trial. The second is where appointed counsel
> in the initial-review collateral proceeding, where the claim
> should have been raised, was ineffective under the
> standards of *Strickland v. Washington*, 466 U. S. 668
> (1984). To overcome the default, a prisoner must also
> demonstrate that the underlying ineffective-assistance-of-
> trial-counsel claim is a substantial one, which is to say that
> the prisoner must demonstrate that the claim has some
> merit. *Cf. Miller-El v. Cockrell,* 537 U. S. 322 (2003)
> (describing standards for certificates of appealability to
> issue).

*Martinez,* 566 U.S. at 14.

Inasmuch as the right identified in *Martinez* is neither constitutional in nature, nor statutory, this case is ripe for oral argument on whether a *Martinez* claim is available under *Davenport.*

In this Circuit, in *Ramirez v. United States*, 799 F. 3d 845 (7th Cir. 2015), there is precedent for the use of *Martinez'* logic to permit a federal inmate's claims of ineffective postconviction counsel to proceed.

Israel Ramirez filed a FRCP 60(b) motion for relief from judgment because his counsel had abandoned him without telling him that his § 2255 motion had been denied, without filing a notice of appeal, and without raising a potentially viable claim of ineffective assistance of trial counsel. The Seventh Circuit vacated the district court's denial of Mr. Ramirez's 60(b) motion after applying *Martinez* and *Trevino* to Mr. Ramirez's circumstances. *Ramirez,* 799 F.3d at 854-856.

Here, Petitioner was granted an evidentiary hearing on his initial §2255 petition filed by counsel, in which only one issue was argued: trial counsel's failure to call Petitioner as a witness at trial.

Petitioner agrees with the United States that he is foreclosed from filing a Rule 60(b) motion to reopen his second §2255 petition in the Eighth Circuit due to the holding in *United States v. Lee,* 792 F.3d 1021 (8th Cir. 2015) (*but see United States v. Lee,* 811 F.3d 272 (Mem) (8th Cir., 2015)., (denial of reh'g., Kelly, J., dissenting, at 273-275). However, he is housed in the Seventh Circuit. That is precisely why he

4

has filed the present Petition.  Inasmuch as the Seventh Circuit has not definitively stated what circuit's law shall apply (*see, e.g.,* Government's Answer to Show Cause at 11 n. 3, *citing Cano v. Warden USP-Terre Haute,* No. 2:17-cv-00441-JMS-MJD, 2018 WL 3389746,), Petitioner posits that this issue is ripe for oral argument.

Petitioner argues that postconviction counsel provided ineffective assistance of counsel in that he failed to address trial counsel's failure to object to inaccurate jury instructions 24 and 25 as to his charges under 18 U.S.C. §924(c)(1)(A) and (j). Petitioner submits that this was prejudicial error requiring a hearing.

Petitioner renews his Motion for an evidentiary hearing and requests that this Court schedule oral argument on the propriety of an evidentiary hearing if necessary.

Respectfully submitted,

/s/ J. Clark Baird
J. CLARK BAIRD
Attorney at Law
969 Barret Ave
Louisville Ky 40204
(502) 583-3388
jclarkbaird@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via ECF this 26th day of October, 2018, to Brian Reitz, Assistant United States Attorney.

/s/ J. Clark Baird
J. CLARK BAIRD