UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DENNIS DINWIDDIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:18-cv-00149-JPH-MJD |
| ) | |
| WARDEN JEFFREY E. KRUEGER, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Dennis Dinwiddie seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argues that he received ineffective assistance of counsel during his criminal trial because his lawyer did not object to certain jury instructions and that three of his convictions should be vacated in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). The ineffective assistance of trial counsel claim is procedurally defaulted and may not be raised in a § 2241 petition. Mr. Dinwiddie cannot use a § 2241 petition to challenge his convictions and sentences in light of *Johnson* and *Welch*. Consequently, Mr. Dinwiddie's petition is **denied**.

### I. Factual and Procedural Background

On February 12, 2009, a jury in the Eastern District of Missouri found Mr. Dinwiddie guilty of conspiracy to distribute and possess with intent to distribute fifty kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); interstate travel or transportation in aid of a racketeering enterprise, in violation of 18 U.S.C. §§ 1952(a)(2) and 2 (Count 2); possession of a firearm in furtherance of a drug trafficking crime resulting in murder, in violation of 18 U.S.C. § 924(c)(1) (Count 3); and possession of a firearm as a felon, in violation

of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 4). *See United States v. James et al*, 1:06-cr-00134-CDP-2 (hereinafter, "Crim. Dkt."), dkts. 166, 540 (E.D. Mo.).

The United States Probation Office filed a presentence report in preparation for sentencing. *See* dkt. 18. Because Mr. Dinwiddie had ten prior felony convictions for criminal facilitation, he was found to be a career offender and an armed career criminal. *Id.* at pp. 14-16 and ¶ 80. The guideline term of imprisonment was life. *Id.* at ¶ 105.

Mr. Dinwiddie was sentenced to a term of 360 months on Count 1, life imprisonment on Counts 2 and 4, and life imprisonment on Count 3. Crim. Dkt. 598. The court ordered the sentences for Counts 1, 2, and 4 to run concurrently, and the sentence for Count 3 to run consecutively to all the other terms of imprisonment. *Id.*

Mr. Dinwiddie appealed his conviction and sentence. He challenged the denial of his motion to suppress, his conviction on Count 2, the admission of certain out-of-court statements, his sentence of life imprisonment on Count 3, and his sentencing as an armed career criminal on Count 4. The Eighth Circuit affirmed Mr. Dinwiddie's conviction and sentence. *United States v. Dinwiddie*, 618 F.3d 821 (8th Cir. 2010). The Supreme Court denied certiorari. *Dinwiddie v. United States*, 562 U.S. 1263 (2011).

On February 17, 2012, Mr. Dinwiddie filed a motion to vacate his sentence and conviction under 28 U.S.C. § 2255 in the Eastern District of Missouri. *Dinwiddie v. USA*, 1:12-cv-00033-CDP (hereinafter, "§ 2255 Dkt."), dkt. 1 (E.D. Mo.). He asserted that he received ineffective assistance of counsel at trial because counsel failed to introduce certain exculpatory evidence, including witness testimony. *Id.* He also contended that he was denied his right to testify. § 2255 Dkt. 22 at 9. The ineffective assistance of counsel claim did not include any issue relating to jury instructions. *Id.*

After an evidentiary hearing, the district court denied Mr. Dinwiddie's motion, finding that he was aware of his constitutional right to testify at trial but "followed the prudent advice of his counsel and declined to exercise that right." The court also determined that Mr. Dinwiddie was not prejudiced by the other alleged failures of counsel in light of the overwhelming evidence against him and because the potential defense witnesses who did not testify would have been subject to impeachment. § 2255 Dkt. 19; § 2255 Dkt. 22 at 1-2, 9-19. The district court did not issue a certificate of appealability, and the Eighth Circuit denied Mr. Dinwiddie's request for a certificate of appealability. § 2255 Dkt. 22 at 20; § 2255 Dkt. 32.

In 2016, Mr. Dinwiddie sought permission to file a second or successive motion under 28 U.S.C. § 2255(h), arguing that under *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior convictions for criminal facilitation did not qualify as violent felonies for purposes of the armed career criminal sentencing provisions. *Dinwiddie v. United States*, No. 16-2984 (8th Cir.). Again, Mr. Dinwiddie did not raise any issue relating to trial counsel's failure to object to the jury instructions. The Eighth Circuit denied his request to file a successive petition. § 2255 Dkt. 36.

Mr. Dinwiddie has now filed a petition for a writ of habeas corpus under § 2241 in which he raises the same issue relating to his prior convictions that was raised in his § 2255 motion and raises for the first time the issue of his counsel's failure to object to certain jury instructions at trial.

## II. Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances a prisoner may use § 2241 to challenge his federal conviction or sentence. *Webster*,

784 F.3d at 1124. This is because "§ 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018).

Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313. Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136. Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

For reasons discussed below, the savings clause of § 2255(e) does not apply here so Mr. Dinwiddie cannot bring a § 2241 petition seeking post-conviction relief.

### A. Ineffective assistance of trial counsel

The Court first considers Mr. Dinwiddie's argument that his trial counsel provided constitutionally ineffective assistance because he did not object to jury instruction number 24 at trial. Dkt. 2 at 9-11. Mr. Dinwiddie contends that he should be allowed to raise this procedurally defaulted claim in a § 2241 petition because he received constitutionally ineffective assistance from his post-conviction counsel. Dkt. 2 at 5-8, 17-18; *see also* dkt. 23 at 5.

The Supreme Court has held that a state prisoner may raise a procedurally defaulted ineffective assistance of trial counsel claim in federal post-conviction review proceedings under Section 2254 in three circumstances: (1) the state courts did not appoint counsel in the initial-review collateral proceeding; (2) appointed counsel in the initial-review collateral proceeding provided ineffective assistance; or (3) in states where a prisoner is not required to wait until post-conviction proceedings to raise ineffective assistance of counsel, the design and structure of the state system renders it nearly impossible for an ineffective assistance of counsel claim to be presented on direct review. *See Trevino v. Thaler*, 569 U.S. 413, 417 (2013); *Martinez v. Ryan*, 566 U.S. 1, 14 (2012).

The Seventh Circuit[1] has extended the holdings in *Martinez* and *Trevino* to "federal prisoners who bring motions for postconviction relief under section 2255." *Ramirez v. United*

---

[1] Which circuit's law applies to a § 2241 petition brought in the petitioner's district of incarceration is an unsettled question in the Seventh Circuit. *See Shepherd,* 911 F.3d at 862-63 (electing to "bypass the procedural hurdles for relief because [the] case can be resolved most simply on the merits"); *Roberts v. Watson*, No. 16-cv-541-bbc, 2017 WL 6375812, *2 (W.D. Wis. Dec. 12, 2017). This issue is particularly pertinent here because not all courts have extended *Martinez* to § 2255 motions. *See, e.g.*, *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) (finding *Martinez* "inapplicable to federal convictions"); *Garcon v. Cruz*, No. 6:14-cv-72-RMG, 2014 WL 819467, *5 (D.S.C. Feb. 28, 2014) (explaining *Martinez* is "inapplicable to federal convictions"), *aff'd* 581 F. App'x 193 (4th Cir. 2014). The Court assumes that Seventh Circuit precedent applies because even if *Martinez* can be extended to § 2255 motions, that does mean Mr. Dinwiddie is entitled to relief through his § 2241 petition.

*States*, 799 F.3d 845, 852 (7th Cir. 2015). But Mr. Dinwiddie seeks relief under § 2241, not § 2254 or § 2255. Mr. Dinwiddie does not cite, and the Court is not aware of, any Seventh Circuit precedent that would allow him to present a procedurally defaulted ineffective assistance of trial counsel claim in a § 2241 petition. Moreover, the Seventh Circuit narrowly interprets the § 2255(e) savings clause and circumstances in which relief is available under § 2241. *See Unthank v. Jett*, 549 F.3d 534, 535-36 (7th Cir. 2008) (summarizing the "small class of situations" where relief under § 2255 is inadequate or ineffective). Under Seventh Circuit precedent, the Court cannot extend *Martinez*, *Trevino*, and *Ramirez* to allow Mr. Dinwiddie to assert a procedurally defaulted claim of ineffective assistance of trial counsel through a § 2241 petition.

Courts that have considered this issue have reached the same conclusion. *See, e.g.*, *Jackman v. Shartle*, 535 F. App'x 87, 89 n.5 (3d Cir. 2013) (*Martinez* and *Trevino* "do not address the ability of federal prisoners to use § 2241 to bring ineffective assistance of counsel claims. Section 2241 does not provide a vehicle by which [petitioner] can raise his ineffective assistance of counsel claim because he has not demonstrated that Section 2255 is an inadequate or ineffective remedy." (quotation marks omitted)); *Villarreal v. Beasley*, No. 2:17-cv-00118-KGB-JTR, 2017 WL 7053973, *4 (E.D. Ark. Aug. 31, 2017), *report and recommendation adopted*, 2018 WL 575783 (E.D. Ark. Jan. 26, 2018); *United States v. Sheppard*, No. 10-119, 2017 WL 1128247 (W.D. Pa. March 23, 2017) (stating that because *Martinez* and *Trevino* concern state prisoners, petitioner had not met burden of establishing that remedy under § 2255 was inadequate or ineffective).

Nothing in the text of § 2241 or Seventh Circuit precedent authorizes the Court to review the merits of Mr. Dinwiddie's procedurally defaulted ineffective assistance of trial counsel claim so his § 2241 petition on this issue is denied.

### B. Crime of Violence

Mr. Dinwiddie next contends that his convictions on Counts 2, 3, and 4 must be vacated in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), because the jury instructions did not define "crime of violence" as set forth in 18 U.S.C. § 924(e). Dkt. 2 at 12-14; dkt. 9 at 3-6. He has provided no explanation, however, as to why relief under § 2255 would be either inadequate or ineffective, as required by § 2255(e).

The Supreme Court's holding in *Johnson* is a new rule of constitutional law that was made retroactive in *Welch*. *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). Thus, *Johnson* and *Welch* are not cases of statutory interpretation that enable a petitioner to bring a claim under § 2241 as discussed in *Davenport*. *See Davis*, 863 F.3d at 964. Rather, an argument based on *Johnson* and *Welch* needs to be asserted in a § 2255 motion.

Although Mr. Dinwiddie would have to seek permission from the Eighth Circuit to file another motion under § 2255, "[t]he mere fact that [the] petition would be barred as a successive petition under § 2255 . . . is not enough to bring the petition under § 2255's savings clause." *Webster*, 784 F.3d at 1137 (quoting *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001)). Mr. Dinwiddie's claims therefore may not proceed under the savings clause of § 2255(e).

### III. Conclusion

For the foregoing reasons, Mr. Dinwiddie's petition for a writ of habeas corpus under Section 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 900 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

**SO ORDERED.**

Date: 7/25/2019

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

J Clark Baird
J. CLARK BAIRD PLLC
clark@jclarkbaird.com

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov