

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Laura A. Briggs, Clerk of Court**

| Birch Bayh Federal Building | U.S. Courthouse, Room 104 | Winfield K. Denton Federal Building | Lee H. Hamilton Federal Building |
| --- | --- | --- | --- |
| & U.S. Courthouse, Room 105 | 921 Ohio Street | & U. S. Courthouse, Room 304 | & U.S. Courthouse, Room 210 |
| 46 East Ohio Street | Terre Haute, IN 47807 | 101 NW Martin Luther King Blvd. | 121 West Spring Street |
| Indianapolis, IN  46204 | (812) 231-1840 | Evansville, IN 47708 | New Albany, IN 47150 |
| (317) 229-3700 | | (812) 434-6410 | (812) 542-4510 |

September 24, 2019

J Clark Baird  
J. CLARK BAIRD PLLC  
969 Barret Ave.  
Louisville, KY 40204  

Brian L. Reitz  
UNITED STATES ATTORNEY'S OFFICE  
10 West Market Street  
Suite 2100  
Indianapolis, IN 46204  

RE:  DENNIS DINWIDDIE v. JEFFREY E. KRUEGER

CAUSE NO:  2:18-cv-00149-JPH-MJD

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 2:18-cv-00149-JPH-MJD has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review [Seventh Circuit Rule 10](#) (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,  
Laura A. Briggs,  
Clerk of Court  

By Laura Townsend, Deputy Clerk  
812-542-4511

## **Selected Rules for Reference**

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

   (3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

   (f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

   (g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

      NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Laura A. Briggs, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

September 24, 2019

RE:  DENNIS DINWIDDIE v. JEFFREY E. KRUEGER

CAUSE NO:  2:18-cv-00149-JPH-MJD


Dear Appellant:

A Notice of Appeal was filed in the above case on September 23, 2019. However, a "Docketing Statement" was not filed along with the Notice of Appeal, as required by Circuit Rule 3(c) of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

IMPORTANT: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

>   Gino Agnello, Clerk
>   United States Court of Appeals
>   219 South Dearborn Street, Suite 2722
>   Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

>   Sincerely,
>   Laura A. Briggs,
>   Clerk of Court
>
>   By Laura Townsend, Deputy Clerk
>   812-542-4511

# **Selected Rules for Reference**

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

   (a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

   (b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

   (c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of [Circuit Rule 28(a)](Circuit Rule 28(a)). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

   (2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

   (d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

   NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals
   are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DENNIS DINWIDDIE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 2:18-cv-00149-JMS-MJD |
| | ) |
| J. E. KRUEGER, Warden, | ) |
| | ) |
| Respondent. | ) |

\* \* \* \* \*

## **NOTICE OF APPEAL**

Notice is hereby given that Dennis Dinwiddie, Petitioner in the above styled case, hereby appeals the Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment (DN 25) and Judgment imposed by the District Court (DN 26), entered on July 25, 2019, to the United States Court of Appeals for the Seventh Circuit.

Respectfully submitted,

/s/ J. Clark Baird
J. CLARK BAIRD
Attorney at Law
969 Barret Ave
Louisville Ky 40204
(502) 583-3388
jclarkbaird@gmail.com

1

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing was sent via ECF this 23rd day of September, 2019, to Brian Reitz, Assistant United States Attorney.

            /s/ J. Clark Baird
            J. CLARK BAIRD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DENNIS DINWIDDIE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 2:18-cv-00149-JPH-MJD |
| | ) |
| WARDEN JEFFREY E. KRUEGER, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Dennis Dinwiddie seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argues that he received ineffective assistance of counsel during his criminal trial because his lawyer did not object to certain jury instructions and that three of his convictions should be vacated in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). The ineffective assistance of trial counsel claim is procedurally defaulted and may not be raised in a § 2241 petition. Mr. Dinwiddie cannot use a § 2241 petition to challenge his convictions and sentences in light of *Johnson* and *Welch*. Consequently, Mr. Dinwiddie's petition is **denied**.

**I.   Factual and Procedural Background**

On February 12, 2009, a jury in the Eastern District of Missouri found Mr. Dinwiddie guilty of conspiracy to distribute and possess with intent to distribute fifty kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); interstate travel or transportation in aid of a racketeering enterprise, in violation of 18 U.S.C. §§ 1952(a)(2) and 2 (Count 2); possession of a firearm in furtherance of a drug trafficking crime resulting in murder, in violation of 18 U.S.C. § 924(c)(1) (Count 3); and possession of a firearm as a felon, in violation

of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 4). *See United States v. James et al*, 1:06-cr-00134-CDP-2 (hereinafter, "Crim. Dkt."), dkts. 166, 540 (E.D. Mo.).

The United States Probation Office filed a presentence report in preparation for sentencing. *See* dkt. 18. Because Mr. Dinwiddie had ten prior felony convictions for criminal facilitation, he was found to be a career offender and an armed career criminal. *Id.* at pp. 14-16 and ¶ 80. The guideline term of imprisonment was life. *Id.* at ¶ 105.

Mr. Dinwiddie was sentenced to a term of 360 months on Count 1, life imprisonment on Counts 2 and 4, and life imprisonment on Count 3. Crim. Dkt. 598. The court ordered the sentences for Counts 1, 2, and 4 to run concurrently, and the sentence for Count 3 to run consecutively to all the other terms of imprisonment. *Id.*

Mr. Dinwiddie appealed his conviction and sentence. He challenged the denial of his motion to suppress, his conviction on Count 2, the admission of certain out-of-court statements, his sentence of life imprisonment on Count 3, and his sentencing as an armed career criminal on Count 4. The Eighth Circuit affirmed Mr. Dinwiddie's conviction and sentence. *United States v. Dinwiddie*, 618 F.3d 821 (8th Cir. 2010). The Supreme Court denied certiorari. *Dinwiddie v. United States*, 562 U.S. 1263 (2011).

On February 17, 2012, Mr. Dinwiddie filed a motion to vacate his sentence and conviction under 28 U.S.C. § 2255 in the Eastern District of Missouri. *Dinwiddie v. USA*, 1:12-cv-00033-CDP (hereinafter, "§ 2255 Dkt."), dkt. 1 (E.D. Mo.). He asserted that he received ineffective assistance of counsel at trial because counsel failed to introduce certain exculpatory evidence, including witness testimony. *Id.* He also contended that he was denied his right to testify. § 2255 Dkt. 22 at 9. The ineffective assistance of counsel claim did not include any issue relating to jury instructions. *Id.*

After an evidentiary hearing, the district court denied Mr. Dinwiddie's motion, finding that he was aware of his constitutional right to testify at trial but "followed the prudent advice of his counsel and declined to exercise that right." The court also determined that Mr. Dinwiddie was not prejudiced by the other alleged failures of counsel in light of the overwhelming evidence against him and because the potential defense witnesses who did not testify would have been subject to impeachment. § 2255 Dkt. 19; § 2255 Dkt. 22 at 1-2, 9-19. The district court did not issue a certificate of appealability, and the Eighth Circuit denied Mr. Dinwiddie's request for a certificate of appealability. § 2255 Dkt. 22 at 20; § 2255 Dkt. 32.

In 2016, Mr. Dinwiddie sought permission to file a second or successive motion under 28 U.S.C. § 2255(h), arguing that under *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior convictions for criminal facilitation did not qualify as violent felonies for purposes of the armed career criminal sentencing provisions. *Dinwiddie v. United States*, No. 16-2984 (8th Cir.). Again, Mr. Dinwiddie did not raise any issue relating to trial counsel's failure to object to the jury instructions. The Eighth Circuit denied his request to file a successive petition. § 2255 Dkt. 36.

Mr. Dinwiddie has now filed a petition for a writ of habeas corpus under § 2241 in which he raises the same issue relating to his prior convictions that was raised in his § 2255 motion and raises for the first time the issue of his counsel's failure to object to certain jury instructions at trial.

## II. Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances a prisoner may use § 2241 to challenge his federal conviction or sentence. *Webster*,

3

784 F.3d at 1124. This is because "§ 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018).

Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313. Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136. Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

For reasons discussed below, the savings clause of § 2255(e) does not apply here so Mr. Dinwiddie cannot bring a § 2241 petition seeking post-conviction relief.

A.      **Ineffective assistance of trial counsel**

The Court first considers Mr. Dinwiddie's argument that his trial counsel provided constitutionally ineffective assistance because he did not object to jury instruction number 24 at trial. Dkt. 2 at 9-11. Mr. Dinwiddie contends that he should be allowed to raise this procedurally defaulted claim in a § 2241 petition because he received constitutionally ineffective assistance from his post-conviction counsel. Dkt. 2 at 5-8, 17-18; *see also* dkt. 23 at 5.

The Supreme Court has held that a state prisoner may raise a procedurally defaulted ineffective assistance of trial counsel claim in federal post-conviction review proceedings under Section 2254 in three circumstances: (1) the state courts did not appoint counsel in the initial-review collateral proceeding; (2) appointed counsel in the initial-review collateral proceeding provided ineffective assistance; or (3) in states where a prisoner is not required to wait until post-conviction proceedings to raise ineffective assistance of counsel, the design and structure of the state system renders it nearly impossible for an ineffective assistance of counsel claim to be presented on direct review. *See Trevino v. Thaler*, 569 U.S. 413, 417 (2013); *Martinez v. Ryan*, 566 U.S. 1, 14 (2012).

The Seventh Circuit[1] has extended the holdings in *Martinez* and *Trevino* to "federal prisoners who bring motions for postconviction relief under section 2255." *Ramirez v. United*

---

[1] Which circuit's law applies to a § 2241 petition brought in the petitioner's district of incarceration is an unsettled question in the Seventh Circuit. *See Shepherd,* 911 F.3d at 862-63 (electing to "bypass the procedural hurdles for relief because [the] case can be resolved most simply on the merits"); *Roberts v. Watson*, No. 16-cv-541-bbc, 2017 WL 6375812, *2 (W.D. Wis. Dec. 12, 2017). This issue is particularly pertinent here because not all courts have extended *Martinez* to § 2255 motions. *See, e.g.*, *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) (finding *Martinez* "inapplicable to federal convictions"); *Garcon v. Cruz*, No. 6:14-cv-72-RMG, 2014 WL 819467, *5 (D.S.C. Feb. 28, 2014) (explaining *Martinez* is "inapplicable to federal convictions"), *aff'd* 581 F. App'x 193 (4th Cir. 2014). The Court assumes that Seventh Circuit precedent applies because even if *Martinez* can be extended to § 2255 motions, that does mean Mr. Dinwiddie is entitled to relief through his § 2241 petition.

5

*States*, 799 F.3d 845, 852 (7th Cir. 2015). But Mr. Dinwiddie seeks relief under § 2241, not § 2254 or § 2255. Mr. Dinwiddie does not cite, and the Court is not aware of, any Seventh Circuit precedent that would allow him to present a procedurally defaulted ineffective assistance of trial counsel claim in a § 2241 petition. Moreover, the Seventh Circuit narrowly interprets the § 2255(e) savings clause and circumstances in which relief is available under § 2241. *See Unthank v. Jett*, 549 F.3d 534, 535-36 (7th Cir. 2008) (summarizing the "small class of situations" where relief under § 2255 is inadequate or ineffective). Under Seventh Circuit precedent, the Court cannot extend *Martinez*, *Trevino*, and *Ramirez* to allow Mr. Dinwiddie to assert a procedurally defaulted claim of ineffective assistance of trial counsel through a § 2241 petition.

Courts that have considered this issue have reached the same conclusion. *See, e.g.*, *Jackman v. Shartle*, 535 F. App'x 87, 89 n.5 (3d Cir. 2013) (*Martinez* and *Trevino* "do not address the ability of federal prisoners to use § 2241 to bring ineffective assistance of counsel claims. Section 2241 does not provide a vehicle by which [petitioner] can raise his ineffective assistance of counsel claim because he has not demonstrated that Section 2255 is an inadequate or ineffective remedy." (quotation marks omitted)); *Villarreal v. Beasley*, No. 2:17-cv-00118-KGB-JTR, 2017 WL 7053973, *4 (E.D. Ark. Aug. 31, 2017), *report and recommendation adopted*, 2018 WL 575783 (E.D. Ark. Jan. 26, 2018); *United States v. Sheppard*, No. 10-119, 2017 WL 1128247 (W.D. Pa. March 23, 2017) (stating that because *Martinez* and *Trevino* concern state prisoners, petitioner had not met burden of establishing that remedy under § 2255 was inadequate or ineffective).

Nothing in the text of § 2241 or Seventh Circuit precedent authorizes the Court to review the merits of Mr. Dinwiddie's procedurally defaulted ineffective assistance of trial counsel claim so his § 2241 petition on this issue is denied.

### B.      Crime of Violence

Mr. Dinwiddie next contends that his convictions on Counts 2, 3, and 4 must be vacated in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), because the jury instructions did not define "crime of violence" as set forth in 18 U.S.C. § 924(e). Dkt. 2 at 12-14; dkt. 9 at 3-6. He has provided no explanation, however, as to why relief under § 2255 would be either inadequate or ineffective, as required by § 2255(e).

The Supreme Court's holding in *Johnson* is a new rule of constitutional law that was made retroactive in *Welch*. *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). Thus, *Johnson* and *Welch* are not cases of statutory interpretation that enable a petitioner to bring a claim under § 2241 as discussed in *Davenport*. *See Davis*, 863 F.3d at 964. Rather, an argument based on *Johnson* and *Welch* needs to be asserted in a § 2255 motion.

Although Mr. Dinwiddie would have to seek permission from the Eighth Circuit to file another motion under § 2255, "[t]he mere fact that [the] petition would be barred as a successive petition under § 2255 . . . is not enough to bring the petition under § 2255's savings clause." *Webster*, 784 F.3d at 1137 (quoting *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001)). Mr. Dinwiddie's claims therefore may not proceed under the savings clause of § 2255(e).

### III.     Conclusion

For the foregoing reasons, Mr. Dinwiddie's petition for a writ of habeas corpus under Section 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 900 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

**SO ORDERED.**

7

Date: 7/25/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

J Clark Baird
J. CLARK BAIRD PLLC
clark@jclarkbaird.com

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DENNIS DINWIDDIE, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 2:18-cv-00149-JPH-MJD |
| WARDEN JEFFREY E. KRUEGER, | ) ) ) |
| Respondent. | ) |

## FINAL JUDGMENT

The Court now enters FINAL JUDGMENT. Mr. Dinwiddie's petition for writ of habeas corpus is **denied** and the action is **dismissed with prejudice**.

Date: 7/25/2019
Laura Briggs, Clerk of Court

By: _____
Deputy Clerk

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

J Clark Baird
J. CLARK BAIRD PLLC
clark@jclarkbaird.com

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov

# *** PUBLIC DOCKET ***

APPEAL,HABEAS,CLOSED

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:18-cv-00149-JPH-MJD

| | |
|---|---|
| DINWIDDIE v. KRUEGER | Date Filed: 03/26/2018 |
| Assigned to: Judge James Patrick Hanlon | Date Terminated: 07/25/2019 |
| Referred to: Magistrate Judge Mark J. Dinsmore | Jury Demand: None |
| Cause: 28:2241 Petition for Writ of Habeas Corpus (federal) | Nature of Suit: 530 Habeas Corpus (General) |
| | Jurisdiction: Federal Question |

**Petitioner**

**DENNIS DINWIDDIE**     represented by **J Clark Baird**
J. CLARK BAIRD PLLC
969 Barret Ave.
Louisville, KY 40204
502-583-3388
Fax: 502-583-3366
Email: clark@jclarkbaird.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**WARDEN JEFFREY E. KRUEGER**     represented by **Brian L. Reitz**
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204
317-226-6333
Fax: 317-226-6125
Email: brian.reitz@usdoj.gov
*ATTORNEY TO BE NOTICED*

**James Robert Wood**
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204

(317) 229-2462  
Fax: (317) 226-6125  
Email: bob.wood@usdoj.gov  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/26/2018 | 1 | PETITION for Writ of Habeas Corpus, filed by DENNIS DINWIDDIE. (No fee paid with this filing). (Attachments: # 1 Envelope). (MAC) (Entered: 03/27/2018) |
| 03/26/2018 | 2 | MEMORANDUM in support, re 1 Petition for Writ of Habeas Corpus, filed by Petitioner DENNIS DINWIDDIE. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Envelope). (MAC) (Entered: 03/27/2018) |
| 03/27/2018 | 3 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. cc: Petitioner via U.S. Mail. (MAC) (Entered: 03/27/2018) |
| 03/28/2018 | 4 | ORDER TO SHOW CAUSE - The respondent shall have through May 18, 2018, in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by the petitioner should not be granted. The petitioner shall have twenty eight days after service of the answer in which to reply. The petitioner shall have through April 30, 2018, in which to either pay the $5.00 filing fee or demonstrate his financial inability to do so. Signed by Judge Jane Magnus-Stinson on 3/28/2018. Copy to Petitioner via US Mail. (DW) Modified on 3/28/2018 (DW). (Entered: 03/28/2018) |
| 04/06/2018 | 5 | NOTICE of Appearance by James Robert Wood on behalf of Respondent JEFFREY E. KRUEGER. (Wood, James) (Entered: 04/06/2018) |
| 04/20/2018 | 6 | RECEIPT #IP060137 for filing fee in the amount of $5.00, paid by Petitioner. (DJH) (Entered: 04/20/2018) |
| 05/16/2018 | 7 | MOTION for Extension of Time to July 17, 2018 *to Respond to the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, filed by Respondent JEFFREY E. KRUEGER. (Attachments: # 1 Text of Proposed Order)(Wood, James) (Entered: 05/16/2018) |
| 05/17/2018 | 8 | ORDER granting 7 Motion for Extension of Time. The Respondent shall have to and including July 17, 2018, to file his response to the § 2241 petition. Signed by Judge Jane Magnus-Stinson on 5/17/2018. Copy to Petitioner via US Mail. (DW) (Entered: 05/17/2018) |
| 07/02/2018 | 9 | AMENDED PETITION for Writ of Habeas Corpus and Memorandum of Points and Authorities in Support, filed by DENNIS DINWIDDIE. (Attachments: # 1 Envelope)(APD) (Entered: 07/03/2018) |
| 07/06/2018 | 10 | ENTRY - On July 2, 2018, the petitioner filed an amended petition, which is actually a supplement to the original petition for writ of habeas corpus. Dkt. 9 . The respondent shall include a response to the supplemental petition in his response that is due on July 17, 2018. Signed by Judge Jane Magnus-Stinson on |

|  |  |  |
|---|---|---|
|  |  | 7/6/2018. Copy to Petitioner via US Mail. (DWH) (Entered: 07/06/2018) |
| 07/17/2018 | 11 | MOTION for Extension of Time to August 16, 2018 *to Respond to the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and supplement*, filed by Respondent JEFFREY E. KRUEGER. (Attachments: # 1 Text of Proposed Order)(Wood, James) (Entered: 07/17/2018) |
| 07/18/2018 | 12 | ORDER granting 11 Motion for Extension of Time. The Respondent shall have to and including August 16, 2018, to file his response to the § 2241 petition and the supplement. Signed by Judge Jane Magnus-Stinson on 7/18/2018. Copy to Petitioner via US Mail. (DWH) (Entered: 07/18/2018) |
| 08/16/2018 | 13 | MOTION for Extension of Time to September 5, 2018 *to Respond to the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and supplement*, filed by Respondent JEFFREY E. KRUEGER. (Attachments: # 1 Text of Proposed Order)(Wood, James) (Entered: 08/16/2018) |
| 08/17/2018 | 14 | ORDER - Granting 13 Respondent's Motion for Extension of Time to respond to the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and supplement. The Respondent shall have to and including September 5, 2018, to file his response to the § 2241 petition and the supplement. Copy to Petitioner via U.S. Mail. Signed by Judge Jane Magnus-Stinson on 8/17/2018. (DMW) (Entered: 08/17/2018) |
| 09/05/2018 | 15 | MOTION for Extension of Time to September 17, 2018 *to Respond to the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and supplement*, filed by Respondent JEFFREY E. KRUEGER. (Attachments: # 1 Text of Proposed Order)(Wood, James) (Entered: 09/05/2018) |
| 09/07/2018 | 16 | ORDER granting 15 Motion for Extension of Time. The Respondent shall have to and including September 17, 2018, to file his response to the § 2241 petition and the supplement. No further extensions will be granted absent extraordinary circumstances. Signed by Judge Jane Magnus-Stinson on 9/7/2018. Copy sent to Petitioner via US Mail. (DWH) (Entered: 09/07/2018) |
| 09/14/2018 | 17 | RETURN TO ORDER TO SHOW CAUSE, re 16 Order on Motion for Extension of Time to File, 4 Order to Show Cause, filed by JEFFREY E. KRUEGER.. (Reitz, Brian) (Entered: 09/14/2018) |
| 09/14/2018 | 18 | SEALED *Exhibit A, Presentence Report*, re 17 Return to Order to Show Cause, filed by Respondent JEFFREY E. KRUEGER. (Reitz, Brian) (Entered: 09/14/2018) |
| 09/14/2018 | 19 | NOTICE of Appearance by Brian L. Reitz on behalf of Respondent JEFFREY E. KRUEGER. (Reitz, Brian) (Entered: 09/14/2018) |
| 10/15/2018 | 20 | NOTICE of Appearance by J Clark Baird on behalf of Petitioner DENNIS DINWIDDIE. (Baird, J) (Entered: 10/15/2018) |
| 10/16/2018 | 21 | MOTION for Extension of Time to October 26, 2018 in which to 4 Order to Show Cause *reply to Respondent's Answer*, filed by Petitioner DENNIS DINWIDDIE. (Attachments: # 1 Text of Proposed Order)(Baird, J) (Entered: |

| | | |
|---|---|---|
| | | 10/16/2018) |
| 10/18/2018 | 22 | ORDER granting 21 Motion for Extension of Time to File a Reply to Return to Order to Show Cause to 10/26/18. Signed by Judge Jane Magnus-Stinson on 10/18/2018. (JRB) (Entered: 10/18/2018) |
| 10/26/2018 | 23 | Reply re 17 Return to Order to Show Cause, filed by DENNIS DINWIDDIE.. (Baird, J) (Entered: 10/26/2018) |
| 11/13/2018 | 24 | Reassignment of Case to Judge James Patrick Hanlon. Judge Jane Magnus-Stinson is no longer assigned to this case. Please include the new case number ( 2:18-cv-149-JPH-MJD), which includes the initials of the newly assigned judge, on all future filings in this matter. (CDad) (Entered: 11/13/2018) |
| 07/25/2019 | 25 | Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment -Petitioner Dennis Dinwiddie seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argues that he received ineffective assistance of counsel during his criminal trial because his lawyer did not object to certain jury instructions and that three of his convictions should be vacated in light of the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). The ineffective assistance of trial counsel claim is procedurally defaulted and may not be raised in a § 2241 petition. Mr. Dinwiddie cannot use a § 2241 petition to challenge his convictions and sentences in light of Johnson and Welch. Consequently, Mr. Dinwiddie's petition is denied. (See Order.) Signed by Judge James Patrick Hanlon on 7/25/2019. (DMW) (Entered: 07/26/2019) |
| 07/25/2019 | 26 | FINAL JUDGMENT - The Court now enters FINAL JUDGMENT. Mr. Dinwiddie's petition for writ of habeas corpus is denied and the action is dismissed with prejudice. Signed by Judge James Patrick Hanlon on 7/25/2019. (DMW) (Entered: 07/26/2019) |
| 09/23/2019 | 27 | NOTICE OF APPEAL as to 25 Order, 26 Closed Judgment, filed by Petitioner DENNIS DINWIDDIE. (No fee paid with this filing) (Baird, J) (Entered: 09/23/2019) |

**Case #: 2:18-cv-00149-JPH-MJD**